IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **EBONY MCNABB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 12-CV-2331 CM/DJW** |
| **CITY OF OVERLAND PARK,** | ) | |
| **KANSAS,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY

### CERTIFICATION OF COMPLIANCE WITH MEET AND CONFER REQUIREMENT

On August 29, 2013, Plaintiff contacted counsel for Defendant and requested that Defendant supplement its privilege log to provide more detailed descriptions of various documents that Defendant has withheld, and to provide entries reflecting numerous redactions contained in Defendant's email productions.[1] On September 9, 2013, after several follow-up discussions, Defendant's counsel sent Plaintiff's counsel an email rejecting Plaintiff's request for a privilege log reflecting numerous redactions contained in Defendant's email productions.[2] On September 10, 2013, Defendant produced its supplemental privilege log.[3] Because this privilege log is deficient for the same reasons the parties have previously discussed, Plaintiff now seeks this Court's Order in resolving the instant discovery dispute.

---

[1] Exhibit A, 8/29/13 Email from Defense Counsel to Plaintiff's Counsel.
[2] Exhibit B, 9/9/13 Email from Defense Counsel to Plaintiff's Counsel
[3] Exhibit C, 9/10/13 Supplemental Privilege Log

# I.     FACTUAL BACKGROUND

1. On October 3, 2012, this Court entered a Protective Order preventing the dissemination of "confidential" materials produced in this case.[4]

2. On August 14, 2013, Defendant produced approximately 20,000 emails.

3. These documents contain countless redactions that are not reflected in Defendant's privilege log.[5]

4. On September 9, 2013, Defendant's counsel sent Plaintiff's counsel an email explaining that the redactions were primarily intended to prevent the disclosure of "irrelevant" and "private third-party information."[6]

5. Defendant claims that it does not need to produce a privilege log with regard to these redactions because "the cost of producing a privilege log for each and every redaction in over 20,000 documents is prohibitive."[7]

6. On September 24, Defendant produced a Supplemental Privilege Log, identifying various emails and other documents that Defendant claims are protected under the attorney-client privilege and work product doctrine.[8]

7. Defendant's privilege log identifies 181 emails that it claims are protected under the attorney-client privilege.[9]

8. With respect to these 181 emails, Defendant has not identified the attorneys, nor has it provided <u>any</u> information demonstrating that the emails were sent for the purpose of obtaining legal advice.[10]

---

[4] Exhibit D, Protective Order.
[5] Exhibit B, 9/9/13 Email.
[6] *Id.*
[7] *Id.*
[8] Exhibit C, Supplemental Privilege Log.
[9] *Id.*
[10] *Id.*

9. Entries 21, 23, 46, 65, 69, 96, 117, 119, 124, 126, 132, 138, 144, 145, 149, 157, 173, 177, 179, 183, 187, 207, 209, 211, 213, and 215 identify "draft documents" that Defendant claims are protected work-product.[11]

## II.   ARGUMENT

Defendant's redaction of emails on the ground that the redacted portions contain "irrelevant" or "confidential" information is improper.  Moreover, Defendant's Privilege Log identifying documents that Defendant has withheld does not provide sufficient information to allow Plaintiff to evaluate the applicability of the attorney-client privilege and work-product doctrine.  Accordingly, Defendant should be compelled to produce emails in their un-redacted format, or otherwise provide a privilege log for said redactions, and to provide additional information regarding the documents it has withheld.  At minimum, this Court should review *in camera*.

### A.  *Defendant's Redactions of "Confidential" Information is Improper*

Defendant has redacted numerous documents on the basis that they contain "irrelevant" and "private third-party information."[12]  Defendant's redaction of such information is improper – particularly in light of the Protective Order entered in this case.  As Defendant's counsel admitted in his 9/9/13 email, Defendant routinely redacted the names of individuals who either sent or received the emails that Defendant has produced.[13]  Other redactions conceal portions of the emails themselves.[14]  Why? On what legal basis?  Further compounding this matter,

---

[11] *Id.*
[12] Exhibit B, 9/9/13 Email (because they number in the hundreds if not thousands, it is impractical to attach every email containing redactions; Exhibit B provides Defendant's explanation of its redactions).
[13] *Id.*
[14] *Id.*

Defendant has refused to provide a privilege log explaining why it has redacted these emails – which are too numerous to identify individually in the instant motion.[15]  Because Defendant's unilateral redaction of portions of individual emails that it considers either "irrelevant" or "confidential" is unnecessary and improper pursuant to F.R.C.P. 26, Plaintiff requests that this Court compel Defendant to produce the emails in their un-redacted form; or produce a privilege log reflecting said redactions; or produce documents for *in camera* inspection.

### B.  Defendant's Privilege Log is Improper

With respect to documents that Defendant has **withheld**, Defendant produced a privilege log identifying 215 emails that it claims are protected under the attorney-client privilege and/or work product doctrine.[16]  Because Defendant's privilege log does not "describe the nature of the documents, communications, or tangible things not produced… in a manner that…will enable other parties to assess the claim," Defendant has failed to satisfy its burden of establishing that the withheld documents are protected. F.R.C.P. 26(b)(5)(A)(i-ii).   These should be produced.

### A.  Attorney-Client Privilege

The essential elements of the attorney-client privilege are: (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, **_In re Grand Jury Subpoena To Kansas City Bd. of Pub. Utilities_**, 246 F.R.D. 673, 678 (D. Kan. 2007). The attorney client privilege is narrowly construed, and *the party asserting it has the burden of proving its applicability. See* **_Intervenor v. United States (In re Grand Jury Subpoenas_**, 144 F.3d 653, 658 (10th Cir.1998).

---

[15] Exhibit B ("the cost of producing a privilege log for each and every redaction in over 20,000 documents is prohibitive").
[16] Exhibit C.

Defendant's privilege log identifies 181 emails that it claims are protected under the attorney-client privilege.[17]   However, Defendant's privilege log does not identify which parties are attorneys, or provide even the most basic information demonstrating that the communications were actually made for the purpose of obtaining legal advice.   Without such information, Defendant's privilege log does not comply with the requirements set forth under F.R.C.P. 26(b).   Because Defendant has not satisfied its burden, it should be compelled to produce the requested documents or, in the alternative, to submit them to this Court for an *in camera* review.

### B.   Work-Product Doctrine

Defendant also claims that several documents are protected under the work product doctrine.   Specifically, entries 21, 23, 46, 65, 69, 96, 117, 119, 124, 126, 132, 138, 144, 145, 149, 157, 173, 177, 179, 183, 187, 207, 209, 211, 213, and 215 identify "draft documents" that Defendant claims are protected work-product.[18]   Because Defendant's bare description of "draft documents" is insufficient to establish that they constitute protected work product, Plaintiff requests that this Court compel their production or, in the alternative, conduct an in *camera* review to assess the validity of Defendant's privilege claim.

The work-product doctrine prevents disclosure of information prepared by an attorney in anticipation of litigation or for trial. ***In re Grand Jury Proceedings***, 616 F.3d 1172, 1184-85 (10th Cir. 2010).   The work-product doctrine requires proof "via competent evidence, that the materials sought to be protected (1) are documents or tangible things, (2) were prepared in anticipation of litigation or for trial, and (3) were prepared by or for a party or a representative of that party." *See* ***Raytheon Aircraft Co. v. U.S. Army Corps of Engineers***, 183 F. Supp. 2d 1280, 1287-88 (D. Kan. 2001); ***Johnson v. Gmeinder***, 191 F.R.D. 638, 643 (D.Kan.2000).   Like the

---

[17] *Id.*
[18] *Id.*

attorney-client privilege, "*[t]he party asserting work product privilege has the burden of showing the applicability of the doctrine.*" ***In re Grand Jury***, 616 F.3d at 1185 (emphasis added).

Defendant has wholly failed to satisfy its burden.  Its vague description of various "draft documents" does nothing to "describe the nature of the documents, communications, or tangible things not produced… in a manner that…will enable other parties to assess the claim," as required pursuant to F.R.C.P. 26(b)(5)(A)(i-ii)..   Specifically, Defendant has produced no evidence suggesting that the documents were prepared in anticipation of litigation, or that they were prepared by or for Defendant or its representatives.  Without providing such information, Defendant cannot satisfy its burden of establishing that the documents are protected work product.  Accordingly, Defendant should be compelled to produce the documents or, in the alternative, submit them for an in *camera* review.

### III.   CONCLUSION

Defendant's redaction of information it considers "irrelevant" or "confidential" is improper in light of the Protective Order entered in this case.  Further, Defendant's Privilege Log fails to provide sufficient information to allow Plaintiff to evaluate the applicability of the attorney-client privilege and work-product doctrine to the documents Defendant has withheld.  Accordingly, Plaintiff respectfully requests that this Court GRANT Plaintiff's Motion to Compel.

Respectfully submitted,

**THE POPHAM LAW FIRM, PC**

By:    <u>s/Dennis E. Egan</u>
        Dennis E. Egan - MO #27449
        712 Broadway, Suite 100
        Kansas City, Missouri 64105
        Telephone:    816/221-2288
        Facsimile:    816/221-3999
        degan@pophamlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing was sent via e-mail this 8th day of October, 2013  to:

J. Nick Badgerow
Michael F. Delaney
Casey P. Murray
9401 Indian Creek Parkway
40 Corporate Woods, Suite 700
Overland Park, KS 66210
(913) 345-8100
(913) 345-0736 (Facsimile)
nbadgerow@spencerfane.com
mdelaney@spencerfane.com
cmurray@spencerfane.com

        <u>s/ Dennis E. Egan</u>
        Attorneys for Plaintiff

.

# EXHIBIT A

## Libby Metz

**From:**      Robert Ingraham [jay_cuatro@yahoo.com]
**Sent:**       Tuesday, October 08, 2013 1:21 PM
**To:**         Libby Metz
**Subject:** Fw: McNabb - Follow up (8/29/13 Email)

On Thursday, August 29, 2013 2:33 PM, "Murray, Casey" <cmurray@spencerfane.com> wrote:
Jay and Cindy,

Thanks for your phone call this afternoon. It was good to continue our discovery discussions.

As we discussed, the City's response to RFP ¶ 1 contains a very detailed table of contents for the 20,000+ documents thus far produced by the City. Some of the City's other RFP responses reference ¶ 1 so that you can identify responsive documents. If you need more specificity for each specific response, let me know and we can discuss.

For the privilege log, the City will add a description field to better define the reasons for the privilege. We expect this to be completed on or before September 9. If it looks to be taking longer, we'll be sure to let you know.

You intend to produce a letter and survey as supplemental discovery. I believe Cindy said she could get those to us early next week, is that correct?

Jay, let me know if you have any other questions or concerns about the discovery responses.

Have a great holiday weekend.

Best,



**Casey P. Murray**                                1000 Walnut Street
Attorney at Law                                          Suite 1400
                                                    Kansas City, MO 64106-2140

cmurray@spencerfane.com                      tel: (816) 292-8133
*Add me to your address book*                  fax: (816) 474-3216

 please consider the environment before printing this email.

*******************************************************************************************
CONFIDENTIALITY: This electronic mail transmission contains confidential information. The transmission contains information that may be protected under the attorney-client privilege, work product doctrine, joint defense privilege, and/or other recognized privileges or protections under the law. The email is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or disseminating it, and notify the sender by Reply e-mail or by calling (816) 474-8100, so that our address record can be corrected.
*******************************************************************************************

EXH. A

10/8/2013

# EXHIBIT B

**Libby Metz**

| | |
|---|---|
| **From:** | Robert Ingraham [jay_cuatro@yahoo.com] |
| **Sent:** | Tuesday, October 08, 2013 1:22 PM |
| **To:** | Libby Metz |
| **Subject:** | Fw: Fwd: redactions (9/9/13 Email) |

On Friday, September 13, 2013 6:38 PM, Jay Ingraham <jay_cuatro@yahoo.com> wrote:

Bert,
Let me know if we are filing the motion or having a teleconference.

Jay

Begin forwarded message:

> **From:** "Murray, Casey" <cmurray@spencerfane.com>
> **Date:** September 13, 2013, 1:19:00 PM CDT
> **To:** Bert Braud <bbraud@pophamlaw.com>, Jay Ingraham <jay_cuatro@yahoo.com>
> **Cc:** Cindy Abend <CAbend@pophamlaw.com>, "Badgerow, Nick" <nbadgerow@spencerfane.com>,
> Dennis Egan <degan@pophamlaw.com>
> **Subject:** RE: redactions
>
> Bert,
>
> The City did provide a valid explanation as to why it will not produce a report. I'll cut and paste my response from August 28:
>
>> When the City runs a search for emails, the system produces a report telling the City the number of "hits" and how many "hits" were made for each custodian. It does not produce a report listing the number of times each of the words produced a "hit."
>>
>> In order to produce the type of report you want, the City would have to run 35 individual searches, one for each term on your list. This, as we have advised several times, is time consuming and expensive.
>
> Nevertheless, if you will not narrow your search term list, then Magistrate Waxse should get involved. Will you be filing a motion, or simply scheduling a phone call with the Magistrate? At the least, I believe we need an understanding of the issue or complaint which the plaintiff has about the City's production, so that we can be prepared to respond in a telephone conference with the Court. What is the real issue? What is the City not doing which the plaintiff believes it should be doing?
>
> Best,
>
> Casey P. Murray
> Spencer Fane Britt & Browne LLP
> 1000 Walnut Street, Suite 1400
> Kansas City, MO 64106-2140
> (816) 292-8133 (Direct)
> (816) 877-4141 (Mobile)
> (816) 474-3216 (Fax)
> ********************************************************************************************************
> CONFIDENTIALITY: This electronic mail transmission contains confidential information. The transmission contains information that may be protected under the attorney-client privilege, work product doctrine, joint defense privilege, and/or other recognized privileges or protections under the law. The email is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or disseminating, and notify the sender by Reply e-mail or by calling (816) 474-8100, so that our address record can be corrected.
> ********************************************************************************************************
>
>> **From:** Bert Braud [mailto:bbraud@pophamlaw.com]
>> **Sent:** Thursday, September 12, 2013 2:17 PM
>> **To:** Murray, Casey; Jay Ingraham
>> **Cc:** Cindy Abend; Badgerow, Nick; Dennis Egan
>> **Subject:** RE: redactions

EXH. B

Casey, I disagree with your summary below, particularly to your statement that we have not responded to your request to further narrow our search term list. We have responded, several times, most recently in my email of August 27. Our response was and is, *we will not narrow the search term*. That should be very clear to you by now. You have not given us any valid explanation for your refusal to provide a report of the search term hits. I'll cut and paste my comment from August 27:

It is neither complicated nor expensive to run a report of the number of times a particular search term results in a hit. I propose that would be a reasonable place to start.

You have not given us any reason to "reconsider" our request. Please advise whether you intend to produce the requested documents or not, and we can approach the court for relief if need be.

Our position hasn't changed since late August, and it appears we need to get on the phone with the Magistrate. Please advise of your availability for such a conference.



Bert S. Braud
The Popham Law Firm
712 Broadway, Suite 100
Kansas City, MO 64105
(816)221-2288
(816)221-3999 (fax)
bbraud@pophamlaw.com

10/8/2013

# EXHIBIT C

|  | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
|  | Docdate | From | To | Cc | Subject | Privilege |
| 1 | Various | Various | Various |  | All correspondence regarding this lawsuit between Spencer Fane Britt & Browne LLP and City of Overland Park, was well as all documents regarding this lawsuit which consitutue Spencer Fane Britt & Browne LLP's files and which are maintained in the offices of Spencer Fane Britt & Browne LLP | Attorney-Client/ Work Product |

2

EXH C.

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 3 | 5/16/2011 | Ruttan, Melissa </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M DRUTTA N> | Clyde, Hunter <Hunter.Clyde@opkansas.org> | | Attorney discussion involving court case matter, non-party Jessica Mitchell | Attorney-Client |
| 4 | 5/31/2012 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Douglass, John <John.Douglass@opkansas.or g> | | Communication concerning lawsuit, McNabb Complaint | Attorney-Client |
| 5 | 9/13/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Parrish, Ryan <Ryan.Parrish@opkansas.org> | | Documents requested by counsel, SFBB requesting notes | Attorney-Client/ Work Product |
| 6 | | | | | Documents requested by SFBB | Work Product |
| 7 | | | | | Documents requested by SFBB | Work Product |
| 8 | 2/28/2012 | Joan Dostal <Joan@c harleswort h.net> | Knoll, John <John.Knoll@opkansas.org> | | Attorney discussion involving court case matter, non-party Brandon Marcurella | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 9 | 2/28/2012 | Joan Dostal <Joan@charleswort h.net> | Knoll, John <John.Knoll@opkansas.org> | | Attorney discussion involving court case matter, non-party Brandon Marcurella | Attorney-Client |
| 10 | 6/7/2011 | Hulse, Erik </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=E THULSE> | Barnard, Laine <Laine.Barnard@opkansas.org > | Hulse, Erik <Erik.Hulse@o pkansas.org> | Attorney discussion involving court case matter, non-party Joseph Collins | Attorney-Client |
| 11 | 6/7/2011 | Hulse, Erik </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=E THULSE> | Barnard, Laine <Laine.Barnard@opkansas.org > | Hulse, Erik <Erik.Hulse@o pkansas.org> Houston, Eric <Eric.Houston @opkansas.or g> Wilburn, Sonta <Sonta.Wilbur n@opkansas.o rg> | Attorney discussion involving court case matter, non-party Joseph Collins | Attorney-Client |
| 12 | 9/1/2011 | Garcia, Mike </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M HGARCIA > | Ezell, Janet <Janet.Ezell@opkansas.org> | | Documents requested by SFBB counsel concerning various documents and notes re: McNabb | Attorney-Client/ Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 13 | | | | | Documents requested by SFBB counsel concerning various documents and notes re: McNabb | Work Product |
| 14 | | | | | Documents requested by SFBB counsel concerning various documents and notes re: McNabb | Work Product |
| 15 | | | | | Documents requested by SFBB counsel concerning various documents and notes re: McNabb | Work Product |
| 16 | | | | | Documents requested by SFBB counsel concerning various documents and notes re: McNabb | Work Product |
| 17 | 5/3/2011 | Kessler, Mark </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=MRKESSLER> | Garcia, Mike <Mike.Garcia@opkansas.org> Santos, Mike <Mike.Santos@opkansas.org> | Phillips, Angelo <Angelo.Phillips@opkansas.org> Ezell, Janet <Janet.Ezell@opkansas.org> | Communication requesting legal advice regarding McNabb amendments to LIDAR documents | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 18 | 5/16/2011 | Clyde, Hunter </O=OP/OU=PRIM ARY/CN= RECIPIEN TS/CN=H MCLYDE > | Ruttan, Melissa </O=OP/OU=PRIMARY/CN=R ECIPIENTS/CN=MDRUTTAN> | | Attorney discussion involving court case matter, non-party Jessica Mitchell | Attorney-Client |
| 19 | 6/7/2011 | Barnard, Laine </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=L CBARNA R> | Hulse, Erik <Erik.Hulse@opkansas.org> | | Attorney discussion involving court case matter, non-party Joseph Collins | Attorney-Client |
| 20 | 10/14/2010 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Happer, Simon <Simon.Happer@opkansas.org > | | Communication requesting legal advice re: Sgt. Ware letter and suspension | Attorney-Client |
| 21 | | | | | Draft documents | Work Product |
| 22 | 10/13/2010 | Happer, Simon </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=W SHAPPE R> | Knoll, John <John.Knoll@opkansas.org> | | Communication requesting legal advice re: Sgt. Ware letter and suspension | Attorney-Client |
| 23 | | | | | Draft documents | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 24 | 1/25/2011 | Castillo, Rick <Rick /O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=S RCASTIL > | Kessler, Mark <Mark.Kessler@opkansas.org> Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: McNabb EEOC Complaint | Attorney-Client |
| 25 | 5/6/2011 | Todd Hottman <todd@ho ttmanlaw. com> | Blevins, Eric <eric.blevins@opkansas.org> | | Attorney discussion involving court case matter, non-party Jessica Mitchell | Attorney-Client |
| 26 | 5/11/2011 | Todd Hottman <todd@ho ttmanlaw. com> | Ruttan, Melissa <Melissa.Ruttan@opkansas.or g> | | Attorney discussion involving court case matter, non-party Jessica Mitchell | Attorney-Client |
| 27 | 5/6/2011 | Ruttan, Melissa </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M DRUTTA N> | todd@hottmanlaw.com' | Blevins, Eric <Eric.Blevins @opkansas.or g> | Attorney discussion involving court case matter, non-party Jessica Mitchell | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 28 | 4/19/2011 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Barnard, Laine <Laine.Barnard@opkansas.org > Blevins, Eric <Eric.Blevins@opkansas.org> Knoll, John <John.Knoll@opkansas.org> Michaels, Lillian <Lillian.Michaels@opkansas.or g> Renee Henry (rhenrylaw@gmail.com) Ruttan, Melissa <Melissa.Ruttan@opkansas.or g> Tiszka, Kathy <Kathy.Tiszka@opkansas.org> Wilson, Lori <Lori.Wilson@opkansas.org> | | Communication requesting legal advice re: Bever court duties | Attorney-Client |
| 29 | 4/19/2011 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Joan Dostal' <Joan@charlesworth.net> | | Attorney discussion involving court case matter, non-party Brandon Marcurella | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 30 | 5/30/2013 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=IJ KNOLL> | Watson, Lenear <Lenear.Watson@opkansas.or g> | | Communication concerning lawsuit, discovery | Attorney-Client |
| 31 | 5/3/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Garcia, Mike <Mike.Garcia@opkansas.org> Santos, Mike <Mike.Santos@opkansas.org> | Phillips, Angelo <Angelo.Phillip s@opkansas.o rg> Ezell, Janet <Janet.Ezell@ opkansas.org> | Communication requesting legal advice re: McNabb amendments to LIDAR documents | Attorney-Client |
| 32 | 1/18/2012 | Garcia, Mike </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M HGARCIA > | Happer, Simon <Simon.Happer@opkansas.org> Kessler, Mark <Mark.Kessler@opkansas.org> | Douglass, John <John.Douglas s@opkansas.o rg> Santos, Mike <Mike.Santos @opkansas.or g> | Documents requested by SFBB counsel re: lawsuit | Attorney-Client |
| 33 | 1/19/2012 | Garcia, Mike </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M HGARCIA > | Kessler, Mark <Mark.Kessler@opkansas.org> Happer, Simon <Simon.Happer@opkansas.org > | Santos, Mike <Mike.Santos @opkansas.or g> Douglass, John <John.Douglas s@opkansas.o rg> | Documents requested by SFBB counsel re: lawsuit | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 34 | 3/8/2011 | Cauley, Jack </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=JKCAULEY> | Santos, Mike <Mike.Santos@opkansas.org> | Garcia, Mike <Mike.Garcia@opkansas.org> Happer, Simon <Simon.Happer@opkansas.org> | Communication requesting legal advice re: Bever termination | Attorney-Client |
| 35 | 3/31/2011 | Cauley, Jack </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=JKCAULEY> | Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: draft letter to Bever | Attorney-Client |
| 36 | 4/13/2011 | Cauley, Jack </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=JKCAULEY> | Garcia, Mike <Mike.Garcia@opkansas.org> Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: Bever resignation | Attorney-Client |
| 37 | 2/28/2011 | Castillo, Rick </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=SRCASTIL> | Barnard, Robin <Robin.Barnard@opkansas.org> Barnard, Laine <Laine.Barnard@opkansas.org> | | Communication requesting legal advice re: Bever court duties | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 38 | 5/14/2013 | Branty, Alison </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=AKBRANTL> | Knoll, John <John.Knoll@opkansas.org> | | Communication concerning lawsuit, discovery | Attorney-Client |
| 39 | 5/6/2011 | Blevins, Eric </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=ERBLEVIN> | Ruttan, Melissa <Melissa.Ruttan@opkansas.org> | | Attorney discussion involving court case matter, non-party Jessica Mitchell | Attorney-Client |
| 40 | 3/1/2011 | Barnard, Laine </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=LCBARNAR> | Michaels, Lillian <Lillian.Michaels@opkansas.org> Ruttan, Melissa <Melissa.Ruttan@opkansas.org> Blevins, Eric <Eric.Blevins@opkansas.org> | | Communication requesting legal advice re: Bever court duties | Attorney-Client |
| 41 | 6/17/2013 | Owens, Tammy </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=TMMILLER> | Knoll, John <John.Knoll@opkansas.org> Lazarus, Keith <Keith.Lazarus@opkansas.org> | | Communication concerning lawsuit, search terms | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 42 | 6/20/2013 | Morrow, Jacqueline </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=JMWOLD> | Knoll, John <John.Knoll@opkansas.org> | | Communication requesting legal advice re: Bever | Attorney-Client |
| 43 | 6/20/2013 | Miller, Bob </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=RMMILLER> | Knoll, John </O=OP/OU=OP/OU=PRIMARY/CN=RECIPIENTS/CN=JKNOLL> | | Communication concerning lawsuit, depositions | Attorney-Client |
| 44 | 6/17/2013 | Lazarus, Keith </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=KELAZARU> | Knoll, John <John.Knoll@opkansas.org> | Owens, Tammy <Tammy.Owens@opkansas.org> | Communication concerning lawsuit, search terms | Attorney-Client |
| 45 | 5/30/2013 | Knoll, John </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=JJKNOLL> | Douglass, John <John.Douglass@opkansas.org> | Klover, LaVon <Lavon.Klover@opkansas.org> | Communication concerning lawsuit, discovery | Attorney-Client |
| 46 | | | | | Draft documents, discovery | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| | | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Owens, Tammy <Tammy.Owens@opkansas.or g> Lazarus, Keith <Keith.Lazarus@opkansas.org > | | Communication concerning lawsuit, search terms | Attorney-Client |
| 47 | 6/17/2013 | | | | | |

| A | B | C | D | E | F |
|---|---|---|---|---|---|
| 6/20/2013 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Douglass, John <John.Douglass@opkansas.or g> Kessler, Mark <Mark.Kessler@opkansas.org> Castillo, Rick <Rick.Castillo@opkansas.org> Houlahan, Brian <Brian.Houlahan@opkansas.or g> 'Carney, Daniel A.' <DACarney@bluevalleyk12.org > Imber, Mike <Mike.Imber@opkansas.org> Roush, Jay <Jay.Roush@opkansas.org> McClanahan, Travis <Travis.McClanahan@opkansa s.org> Ernst, Mike <Mike.Ernst@opkansas.org> Miller, Bob <Bob.Miller@opkansas.org> Harrison, Dana <Dana.Harrison@opkansas.or g> Fredrickson, Tom <Tom.Fredrickson@opkansas. org> | | Communication concerning lawsuit, depositions | Attorney-Client |

48

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 49 | 6/20/2013 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Carney, Daniel A.' <DACarney@bluevalleyk12.org > | | Communication concerning lawsuit, depositions | Attorney-Client |
| 50 | 6/20/2013 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Douglass, John <John.Douglass@opkansas.or g> | | Communication concerning lawsuit, depositions | Attorney-Client |
| 51 | 6/20/2013 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Miller, Bob <Bob.Miller@opkansas.org> | | Communication concerning lawsuit, depositions | Attorney-Client |
| 52 | 6/20/2013 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Morrow, Jacqueline <Jacqueline.Morrow@opkansa s.org> | | Communication requesting legal advice re: Bever | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 53 | 6/21/2013 | Imber, Mike </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=MMIMBER> | Knoll, John </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=JKNOLL> | | Communication concerning lawsuit, depositions | Attorney-Client |
| 54 | 6/21/2013 | Fredrickson, Tom </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=TLFREDRI> | Knoll, John <John.Knoll@opkansas.org> | | Communication concerning lawsuit, depositions | Attorney-Client |
| 55 | 6/20/2013 | Douglass, John </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=JMDOUGLA> | Knoll, John </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=JKNOLL> | | Communication concerning lawsuit, depositions | Attorney-Client |
| 56 | 6/20/2013 | Carney, Daniel A. <DACarney@bluevalleyk12.org> | Knoll, John </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=JKNOLL> | | Communication concerning lawsuit, depositions | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 57 | 2/22/2010 | Bever, Justin </O=OP/OU=PRIM ARY/CN= RECIPIEN TS/CN=J RBEVER> | Ruttan, Melissa </O=OP/OU=PRIMARY/CN=R ECIPIENTS/CN=MDRUTTAN> | | Attorney discussion involving court case matter, non-party John Heatherman | Attorney-Client |
| 58 | 2/22/2010 | Bever, Justin </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=J RBEVER> | Ruttan, Melissa </O=OP/OU=PRIMARY/CN=R ECIPIENTS/CN=MDRUTTAN> | | Attorney discussion involving court case matter, non-party John Heatherman | Attorney-Client |
| 59 | 3/3/2010 | Bever, Justin </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=J RBEVER> | Ruttan, Melissa </O=OP/OU=PRIMARY/CN=R ECIPIENTS/CN=MDRUTTAN> | | Attorney discussion involving court case matter, non-party Jenny Wagner | Attorney-Client |
| 60 | 3/13/2010 | Bever, Justin </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=J RBEVER> | Blevins, Eric </O=OP/OU=PRIMARY/CN=R ECIPIENTS/CN=ERBLEVIN> | | Attorney discussion involving court case matter, non-parties Lucas Pickett and Nicholas Steinward | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 61 | 6/28/2010 | Bever, Justin </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=JRBEVER> | Blevins, Eric </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=ERBLEVIN> | | Attorney discussion involving court case matter, non-parties Lucas Pickett and Nicholas Steinward | Attorney-Client |
| 62 | 3/4/2009 | Knoll, John </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=JKNOLL> | Castillo, Rick <Rick.Castillo@opkansas.org> | Cauley, Jack <Jack.Cauley@opkansas.org> | Communication requesting legal advice re: Bever report | Attorney-Client |
| 63 | 2/27/2009 | Knoll, John </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=JKNOLL> | Castillo, Rick <Rick.Castillo@opkansas.org> | Cauley, Jack <Jack.Cauley@opkansas.org> Imber, Mike <Mike.Imber@opkansas.org> | Communication requesting legal advice re: Bever report | Attorney-Client |
| 64 | 10/14/2010 | Knoll, John </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=JKNOLL> | Happer, Simon <Simon.Happer@opkansas.org> | | Communication requesting legal advice re: Sgt. Ware letter and suspension | Attorney-Client |
| 65 | | | | | Draft documents | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 66 | 3/22/2011 | Fredrickson, Tom </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=T LFREDRI > | Blevins, Eric <Eric.Blevins@opkansas.org> | Castillo, Rick <Rick.Castillo @opkansas.or g> | Communication requesting legal advice re: Bever court duties | Attorney-Client |
| 67 | 3/3/2009 | Castillo, Rick </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=S RCASTIL > | Knoll, John <John.Knoll@opkansas.org> | Cauley, Jack <Jack.Cauley @opkansas.or g> | Communication requesting legal advice re: Bever report | Attorney-Client |
| 68 | 2/27/2009 | Castillo, Rick </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=S RCASTIL > | Knoll, John <John.Knoll@opkansas.org> | Cauley, Jack <Jack.Cauley @opkansas.or g> Imber, Mike <Mike.Imber@ opkansas.org> | Communication requesting legal advice re: Bever report | Attorney-Client |
| 69 | | | | | Draft documents | Work Product |
| 70 | 3/4/2009 | Castillo, Rick </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=S RCASTIL > | Knoll, John <John.Knoll@opkansas.org> | Cauley, Jack <Jack.Cauley @opkansas.or g> Imber, Mike <Mike.Imber@ opkansas.org> | Communication requesting legal advice re: Bever report | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 71 | 3/2/2009 | Castillo, Rick </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=SRCASTIL> | Knoll, John <John.Knoll@opkansas.org> | Cauley, Jack <Jack.Cauley@opkansas.org> Imber, Mike <Mike.Imber@opkansas.org> | Communication requesting legal advice re: Bever report | Attorney-Client |
| 72 | 3/22/2011 | Blevins, Eric </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=ERBLEVIN> | Castillo, Rick <Rick.Castillo@opkansas.org> Fredrickson, Tom <Tom.Fredrickson@opkansas.org> | | Communication requesting legal advice re: Bever court duties | Attorney-Client |
| 73 | 3/11/2011 | Todd Hottman <todd@hottmanlaw.com> | Ruttan, Melissa <Melissa.Ruttan@opkansas.org> | | Attorney discussion involving court case matter, non-party Jessica Mitchell | Attorney-Client |
| 74 | 3/18/2011 | Todd Hottman <todd@hottmanlaw.com> | Ruttan, Melissa <Melissa.Ruttan@opkansas.org> | | Attorney discussion involving court case matter, non-party Jessica Mitchell | Attorney-Client |
| 75 | 5/19/2011 | Todd Hottman <todd@hottmanlaw.com> | Ruttan, Melissa <melissa.ruttan@opkansas.org> | | Attorney discussion involving court case matter, non-party Jessica Mitchell | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| | | | | | | |
| 76 | 11/17/2009 | Santos, Mike </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RSANTO S> | Cauley, Jack <Jack.Cauley@opkansas.org> | | Communication requesting legal advice re: Bever letter | Attorney-Client |
| 77 | 9/9/2009 | Ruttan, Melissa </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M DRUTTA N> | Bever, Justin <Justin.Bever@opkansas.org> | | Attorney discussion involving court case matter, non-party Oscar Aguilar | Attorney-Client |
| 78 | 9/16/2009 | Ruttan, Melissa </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M DRUTTA N> | Bever, Justin <Justin.Bever@opkansas.org> | | Attorney discussion involving court case matter, non-party Paul Brown | Attorney-Client |
| 79 | 9/17/2009 | Ruttan, Melissa </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M DRUTTA N> | Bever, Justin <Justin.Bever@opkansas.org> | | Attorney discussion involving court case matter, non-party Lucas Pickett | Attorney-Client |

|   | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 80 | 2/3/2010 | Ruttan, Melissa </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M DRUTTA N> | Bever, Justin <Justin.Bever@opkansas.org> | | Attorney discussion involving court case matter, non-party John Heatherman | Attorney-Client |
| 81 | 2/22/2010 | Ruttan, Melissa </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M DRUTTA N> | Bever, Justin <Justin.Bever@opkansas.org> | | Attorney discussion involving court case matter, non-party John Heatherman | Attorney-Client |
| 82 | 2/24/2010 | Ruttan, Melissa </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M DRUTTA N> | Bever, Justin <Justin.Bever@opkansas.org> | | Attorney discussion involving court case matter, non-party Paul Brown | Attorney-Client |
| 83 | 3/3/2010 | Ruttan, Melissa </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M DRUTTA N> | Bever, Justin <Justin.Bever@opkansas.org> | | Attorney discussion involving court case matter, non-party David Coombs | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 84 | 3/3/2010 | Ruttan, Melissa </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M DRUTTA N> | Bever, Justin <Justin.Bever@opkansas.org> | | Attorney discussion involving court case matter, non-party Jenny Wagner | Attorney-Client |
| 85 | 11/17/2009 | Jones, Robert </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=R LJONES> | Santos, Mike <Mike.Santos@opkansas.org> Cauley, Jack <Jack.Cauley@opkansas.org> | | Communication regarding legal advice re: Bever letter | Attorney-Client |
| 86 | 11/17/2009 | Cauley, Jack </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=J KCAULEY > | Santos, Mike <Mike.Santos@opkansas.org> Jones, Robert <Robert.Jones@opkansas.org > | | Communication regarding legal advice re: Bever letter | Attorney-Client |
| 87 | 11/17/2009 | Cauley, Jack </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=J KCAULEY > | Santos, Mike <Mike.Santos@opkansas.org> | | Communication regarding legal advice re: Bever letter | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 88 | 11/17/2009 | Cauley, Jack </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=J KCAULEY > | Santos, Mike <Mike.Santos@opkansas.org> | | Communication regarding legal advice re: Bever letter | Attorney-Client |
| 89 | 3/22/2010 | Barnard, Laine </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=L CBARNA R> | Bever, Justin <Justin.Bever@opkansas.org> | | Attorney discussion involving court case matter, non-party Christopher Byers | Attorney-Client |
| 90 | 12/7/2008 | Bever, Justin </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=J RBEVER> | Ruttan, Melissa </O=OP/OU=PRIMARY/CN=R ECIPIENTS/CN=MDRUTTAN> | | Attorney discussion involving court case matter re: ticket issue | Attorney-Client |
| 91 | 5/4/2009 | Bever, Justin </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=J RBEVER> | Ruttan, Melissa </O=OP/OU=PRIMARY/CN=R ECIPIENTS/CN=MDRUTTAN> | | Attorney discussion involving court case matter re: insuffient charges | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 92 | 9/9/2009 | Bever, Justin </O=OP/OU=PRIM ARY/CN= RECIPIEN TS/CN=J RBEVER> | Ruttan, Melissa </O=OP/OU=PRIMARY/CN=R ECIPIENTS/CN=MDRUTTAN> | | Attorney discussion involving court case matter, non-party Oscar Aguilar | Attorney-Client |
| 93 | 9/16/2009 | Bever, Justin </O=OP/OU=PRIM ARY/CN= RECIPIEN TS/CN=J RBEVER> | Ruttan, Melissa </O=OP/OU=PRIMARY/CN=R ECIPIENTS/CN=MDRUTTAN> | | Attorney discussion involving court case matter, non-party Paul Brown | Attorney-Client |
| 94 | 9/17/2009 | Bever, Justin </O=OP/OU=PRIM ARY/CN= RECIPIEN TS/CN=J RBEVER> | Ruttan, Melissa </O=OP/OU=PRIMARY/CN=R ECIPIENTS/CN=MDRUTTAN> | | Attorney discussion involving court case matter, non-party Lucas Pickett | Attorney-Client |
| 95 | 8/3/2012 | Watson, Lenear </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=L MBROW NL> | James Charlesworth (James@charlesworth.net) | Santos, Mike <Mike.Santos @opkansas.or g> Garcia, Mike <Mike.Garcia @opkansas.or g> | Communication concerning lawsuit, Travelers information | Attorney-Client |
| 96 | | | | | Draft documents, claim documents | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 97 | 7/9/2012 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Brantly, Alison </O=OP/OU=PRIMARY/CN=R ECIPIENTS/CN=AKBRANTL> | | Communication concerning lawsuit, First Amended Complaint | Attorney-Client |
| 98 | 7/26/2012 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Ernst, Mike <Mike.Ernst@opkansas.org> | | Communication concerning lawsuit, First Amended Complaint | Attorney-Client |
| 99 | 7/26/2012 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Santos, Mike <Mike.Santos@opkansas.org> | | Communication concerning lawsuit, draft Answer | Attorney-Client |
| 100 | 7/27/2012 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Ernst, Mike <Mike.Ernst@opkansas.org> | | Communication concerning lawsuit, Summons and Complaint | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 101 | 7/27/2012 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Santos, Mike <Mike.Santos@opkansas.org> | | Communication concerning lawsuit, First Amended Complaint | Attorney-Client |
| 102 | 7/27/2012 | Ernst, Mike </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M CERNST> | Knoll, John <John.Knoll@opkansas.org> | Douglass, John <John.Douglas s@opkansas.o rg> | Communication concerning lawsuit, First Amended Complaint | Attorney-Client |
| 103 | 9/24/2012 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Klover, LaVon <Lavon.Klover@opkansas.org> | | Communication concerning lawsuit, file requested from Travelers | Attorney-Client |
| 104 | 10/24/2012 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | James@charlesworth.net | | Communication concerning lawsuit, Travelers information | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 105 | 10/2/2012 | James Charleswo rth <james@ charleswo rth.net> | Knoll, John <John.Knoll@opkansas.org> | | Communication concerning lawsuit, Travelers information | Attorney-Client |
| 106 | 10/18/2012 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=IJ KNOLL> | Brantly, Alison <Alison.Brantly@opkansas.org > Chism, Chelsee <Chelsee.Chism@opkansas.or g> | | Communication regarding documents requested by SFBB counsel | Attorney-Client |
| 107 | 7/27/2012 | James Charleswo rth <james@ charleswo rth.net> | Santos, Mike <Mike.Santos@opkansas.org> | Joan Dostal <joan@charles worth.net> | Communication concerning lawsuit, Travelers information | Attorney-Client |
| 108 | 10/2/2012 | James Charleswo rth <james@ charleswo rth.net> | Knoll, John <John.Knoll@opkansas.org> | | Communication concerning lawsuit, Travelers information | Attorney-Client |
| 109 | 7/27/2012 | Ernst, Mike </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M CERNST> | Knoll, John <John.Knoll@opkansas.org> | Douglass, John <John.Douglas s@opkansas.o rg> | Communication concerning lawsuit, First Amended Complaint | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 110 | 7/9/2012 | Brantly, Alison </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=A KBRANTL > | Santos, Mike <Mike.Santos@opkansas.org> Knoll, John <John.Knoll@opkansas.org> | | Communication concerning lawsuit, First Amended Complaint | Attorney-Client |
| 111 | 7/9/2012 | Brantly, Alison </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=A KBRANTL > | Knoll, John <John.Knoll@opkansas.org> | | Communication concerning lawsuit, First Amended Complaint | Attorney-Client |
| 112 | 10/12/2011 | Santos, Mike </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RSANTO S> | Kessler, Mark <Mark.Kessler@opkansas.org> Garcia, Mike <Mike.Garcia@opkansas.org> Watson, Lenear <Lenear.Watson@opkansas.or g> | | Communication requesting legal advice re: EEOC response | Attorney-Client |
| 113 | 5/21/2012 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=IJ KNOLL> | Joan Dostal' <joan@charlesworth.net> | | Communication requesting legal advice re: McNabb EEOC complaint | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 114 | 10/13/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Garcia, Mike <Mike.Garcia@opkansas.org> Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: John Lacy | Attorney-Client |
| 115 | 10/13/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Garcia, Mike </O=OP/OU=PRIMARY/CN=R ECIPIENTS/CN=MHGARCIA> Santos, Mike </O=OP/OU=PRIMARY/CN=R ECIPIENTS/CN=MRSANTOS> | | Communication requesting legal advice re: John Lacy | Attorney-Client |
| 116 | 10/18/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Garcia, Mike <Mike.Garcia@opkansas.org> Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: John Lacy | Attorney-Client |
| 117 | | | | | Draft documents | Work Product |
| 118 | 10/18/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Santos, Mike <Mike.Santos@opkansas.org> Garcia, Mike <Mike.Garcia@opkansas.org> | | Communication requesting legal advice re: John Lacy | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 119 | | | | | Draft documents | Work Product |
| 120 | 5/21/2012 | Joan Dostal <joan@ch arlesworth .net> | Knoll, John <John.Knoll@opkansas.org> | | Communication concerning lawsuit, hold notice | Attorney-Client |
| 121 | 10/13/2011 | Garcia, Mike </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M HGARCIA > | Kessler, Mark <Mark.Kessler@opkansas.org> Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: John Lacy | Attorney-Client |
| 122 | 10/13/2011 | Garcia, Mike </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M HGARCIA > | Kessler, Mark <Mark.Kessler@opkansas.org> Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: John Lacy | Attorney-Client |
| 123 | 10/17/2011 | Garcia, Mike </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M HGARCIA > | Kessler, Mark <Mark.Kessler@opkansas.org> Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: John Lacy | Attorney-Client |
| 124 | | | | | Draft documents | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 125 | 10/17/2011 | Garcia, Mike </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=MHGARCIA> | Santos, Mike <Mike.Santos@opkansas.org> Kessler, Mark <Mark.Kessler@opkansas.org> | | Communication requesting legal advice re: John Lacy | Attorney-Client |
| 126 | | | | | Draft documents | Work Product |
| 127 | 6/18/2012 | Cook, Marian </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=MFCOOK> | Santos, Mike <Mike.Santos@opkansas.org> | | Communication concerning lawsuit, service question | Attorney-Client |
| 128 | 6/18/2012 | Cook, Marian </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=MFCOOK> | Knoll, John <John.Knoll@opkansas.org> | | Communication concerning lawsuit, service question | Attorney-Client |
| 129 | 3/5/2012 | Watson, Lenear </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=LMBROWNL> | Santos, Mike <Mike.Santos@opkansas.org> | Garcia, Mike <Mike.Garcia@opkansas.org> | Communication requesting legal advice, EEOC charge | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 130 | 3/5/2012 | Santos, Mike </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RSANTO S> | Ebel, Bill <Bill.Ebel@opkansas.org> Douglass, John <John.Douglass@opkansas.or g> | | Communication requesting legal advice, EEOC charge | Attorney-Client |
| 131 | 10/24/2011 | Owens, Tammy </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=T MMILLER > | Garcia, Mike <Mike.Garcia@opkansas.org> | | Communication requesting legal advice, EEOC response | Attorney-Client |
| 132 | | | | | Draft documents | Work Product |
| 133 | 10/26/2011 | Owens, Tammy </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=T MMILLER > | Santos, Mike <Mike.Santos@opkansas.org> | Garcia, Mike <Mike.Garcia @@opkansas.or g> | Communication requesting legal advice, EEOC response | Attorney-Client |
| 134 | 2/29/2012 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=IJ KNOLL> | Klover, LaVon <Lavon.Klover@opkansas.org> | | Communication requesting legal advice, current litigation holds | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 135 | 11/23/2011 | Happer, Simon </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=W SHAPPE R> | Douglass, John <John.Douglass@opkansas.or g> Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: McNabb's request for PSU file | Attorney-Client |
| 136 | 10/24/2011 | Garcia, Mike </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M HGARCIA > | Owens, Tammy <Tammy.Owens@opkansas.or g> | | Communication requesting legal advice re: EEOC response | Attorney-Client |
| 137 | 10/24/2011 | Garcia, Mike </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M HGARCIA > | Owens, Tammy <Tammy.Owens@opkansas.or g> | | Communication requesting legal advice re: EEOC response | Attorney-Client |
| 138 | | | | | Draft documents | Work Product |
| 139 | 10/25/2011 | Garcia, Mike </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M HGARCIA > | Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: EEOC response | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 140 | 3/5/2012 | Ebel, Bill </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=W EEBEL> | Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: EEOC charge | Attorney-Client |
| 141 | 8/15/2011 | Santos, Mike </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RSANTO S> | Cauley, Jack <Jack.Cauley@opkansas.org> Kessler, Mark <Mark.Kessler@opkansas.org> Garcia, Mike <Mike.Garcia@opkansas.org> | | Communication requesting legal advice re: list of supervisors and positions | Attorney-Client |
| 142 | 7/14/2011 | Santos, Mike </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RSANTO S> | Kessler, Mark <Mark.Kessler@opkansas.org> | | Communication requesting legal advice re: McNabb meeting | Attorney-Client |
| 143 | 9/1/2011 | Parrish, Ryan </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=R CPARRIS > | Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: Internal Affairs case summary | Attorney-Client |
| 144 | | | | | Draft documents | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| | | | | | Draft documents | Work Product |
| 145 | | | | | | |
| | 8/15/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: child sex abuse case | Attorney-Client |
| 146 | | | | | | |
| | 8/22/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: Meeting with Officer McClanahan | Attorney-Client |
| 147 | | | | | | |
| | 8/29/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: draft timeline for review | Attorney-Client |
| 148 | | | | | | |
| 149 | | | | | Draft documents | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 150 | 5/31/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Garcia, Mike <Mike.Garcia@opkansas.org> Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: McNabb's recent email regarding confusion | Attorney-Client |
| 151 | 6/8/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Santos, Mike <Mike.Santos@opkansas.org> Garcia, Mike <Mike.Garcia@opkansas.org> | Douglass, John <John.Douglas s@opkansas.o rg> | Communication requesting legal advice re: McNabb and Sutterby | Attorney-Client |
| 152 | 7/15/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Garcia, Mike <Mike.Garcia@opkansas.org> Santos, Mike <Mike.Santos@opkansas.org> Cauley, Jack <Jack.Cauley@opkansas.org> | | Communication requesting legal advice re: McNabb meeting | Attorney-Client |
| 153 | 7/15/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: McNabb meeting | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 154 | 7/8/2011 | Garcia, Mike </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M HGARCIA > | Kessler, Mark <Mark.Kessler@opkansas.org> | Santos, Mike <Mike.Santos @opkansas.or g> Douglass, John <John.Douglas s@opkansas.o rg> | Communication requesting legal advice re: retaliation email | Attorney-Client |
| 155 | 5/3/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE R> | Garcia, Mike <Mike.Garcia@opkansas.org> Santos, Mike <Mike.Santos@opkansas.org> | Phillips, Angelo <Angelo.Phillip s@opkansas.o rg> Ezell, Janet <Janet.Ezell@ opkansas.org> | Communication requesting legal advice re: McNabb amendments to LIDAR documents | Attorney-Client |
| 156 | 5/14/2013 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=IJ KNOLL> | Brantly, Alison <Alison.Brantly@opkansas.org > Chism, Chelsee <Chelsee.Chism@opkansas.or g> | | Communication concerning lawsuit, discovery | Attorney-Client |
| 157 | | | | | Draft documents | Work Product |
| 158 | 5/14/2013 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=IJ KNOLL> | Brantly, Alison <Alison.Brantly@opkansas.org > | | Communication concerning lawsuit, discovery | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 159 | 5/28/2013 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | O'Neal, Keith <Keith.O'Neal@opkansas.org> | | Communication concerning lawsuit, list of supervisors and positions | Attorney-Client |
| 160 | 5/28/2013 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | O'Neal, Keith <Keith.O'Neal@opkansas.org> | | Communication concerning lawsuit, list of supervisors and positions | Attorney-Client |
| 161 | 5/29/2013 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | O'Neal, Keith <Keith.O'Neal@opkansas.org> | | Communication concerning lawsuit, discovery | Attorney-Client |
| 162 | 5/29/2013 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | O'Neal, Keith <Keith.O'Neal@opkansas.org> | | Communication concerning lawsuit, discovery | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 163 | 6/6/2013 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Watson, Lenear <Lenear.Watson@opkansas.or g> | | Communication concerning lawsuit, Mcnabb case and another matter | Attorney-Client |
| 164 | 6/7/2013 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Watson, Lenear <Lenear.Watson@opkansas.or g> | | Communication concerning lawsuit, production | Attorney-Client |
| 165 | 6/11/2013 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Owens, Tammy <Tammy.Owens@opkansas.or g> | | Communication concerning lawsuit, production | Attorney-Client |
| 166 | 6/11/2013 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Owens, Tammy <Tammy.Owens@opkansas.or g> | | Communication concerning lawsuit, production | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 167 | 6/13/2013 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Parrish, Ryan <Ryan.Parrish@opkansas.org> | | Communication concerning lawsuit, reprimand from 11/15/2010 | Attorney-Client |
| 168 | 6/20/2013 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Chism, Chelsee <Chelsee.Chism@opkansas.or g> | | Communication concerning lawsuit | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| | | 1/31/2011 | Klover, LaVon </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=L MKLOVO R> - on behalf of - Douglass, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=J MDOUGL A> | Douglass, John <John.Douglass@opkansas.or g> PD Bureau Commanders <PDBureauCommanders@opk ansas.org> Santos, Mike <Mike.Santos@opkansas.org> 'mdelaney@spencerfane.com' Garcia, Mike <Mike.Garcia@opkansas.org> Ernst, Mike <Mike.Ernst@opkansas.org> Castillo, Rick <Rick.Castillo@opkansas.org> Fredrickson, Tom <Tom.Fredrickson@opkansas. org> Law Conference Rm <lawconfrm@opkansas.org> | | Communication requesting legal advice, meeting re: McNabb | Attorney-Client |
| 169 | | | | | | | |
| | | 4/8/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Santos, Mike </O=OP/OU=PRIMARY/CN=R ECIPIENTS/CN=MRSANTOS> Garcia, Mike </O=OP/OU=PRIMARY/CN=R ECIPIENTS/CN=MHGARCIA> Kessler, Mark </O=OP/OU=PRIMARY/CN=R ECIPIENTS/CN=MRKESSLE> | | Communication requesting legal advice, meeting re: McNabb | Attorney-Client |
| 170 | | | | | | | |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 171 | 10/13/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Garcia, Mike <Mike.Garcia@opkansas.org> Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: John Lacy | Attorney-Client |
| 172 | 10/24/2011 | Garcia, Mike </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M HGARCIA > | Owens, Tammy <Tammy.Owens@opkansas.or g> | | Communication requesting legal advice re: EEOC response | Attorney-Client |
| 173 | | | | | Draft documents | Work Product |
| 174 | 8/15/2011 | Cauley, Jack </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=J KCAULEY > | Kessler, Mark <Mark.Kessler@opkansas.org> Santos, Mike <Mike.Santos@opkansas.org> Garcia, Mike <Mike.Garcia@opkansas.org> | | Communication requesting legal advice re: list of supervisors and positions | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 175 | 7/25/2011 | Brantly, Alison </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=A KBRANTL > - on behalf of - Law Conferenc e Rm </O=OP/ OU=PRIM ARY/CN= CONFER ENCE ROOMS/ CN=LAW CONFRM > | Law Conference Rm <lawconfrm@opkansas.org> Knoll, John <John.Knoll@opkansas.org> Garcia, Mike <Mike.Garcia@opkansas.org> | | Communication requesting legal advice, meeting with SFBB counsel | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 176 | 2/9/2011 | Klover, LaVon </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=LMKLOVOR> - on behalf of - Douglass, John </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=JMDOUGLA> | PD All Personnel <PDAllPersonnel@opkansas.org> | Ebel, Bill <Bill.Ebel@opkansas.org> Irey, Vicki <Vicki.Irey@opkansas.org> Garcia, Mike <Mike.Garcia@opkansas.org> Ezell, Janet <Janet.Ezell@opkansas.org> Knoll, John <John.Knoll@opkansas.org> | Communication requesting legal advice re: draft Intra-Bureau Personnel Order, Transfers | Attorney-Client |
| 177 | | | | | Draft documents | Work Product |
| 178 | 4/20/2011 | Kessler, Mark </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=MRKESSLE> | Santos, Mike <Mike.Santos@opkansas.org> Garcia, Mike <Mike.Garcia@opkansas.org> | | Communication requesting legal advice re: McNabb meeting | Attorney-Client |
| 179 | | | | | Draft documents | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 180 | 5/31/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Garcia, Mike <Mike.Garcia@opkansas.org> Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: recent emails from McNabb | Attorney-Client |
| 181 | 8/15/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: child sex abuse case | Attorney-Client |
| 182 | 8/29/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: timeline draft | Attorney-Client |
| 183 | | | | | Draft documents | Work Product |
| 184 | 7/8/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Garcia, Mike <Mike.Garcia@opkansas.org> | Santos, Mike <Mike.Santos @opkansas.or g> Douglass, John <John.Douglas s@opkansas.o rg> | Communication requesting legal advice re: McNabb retaliation email | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 185 | 10/13/2011 | Kessler, Mark </O=OP/ OU=PRIMARY/CN= RECIPIENTS/CN=M RKESSLE > | Garcia, Mike <Mike.Garcia@opkansas.org> Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: John Lacy | Attorney-Client |
| 186 | 10/18/2011 | Kessler, Mark </O=OP/ OU=PRIMARY/CN= RECIPIENTS/CN=M RKESSLE > | Santos, Mike <Mike.Santos@opkansas.org> Garcia, Mike <Mike.Garcia@opkansas.org> | | Communication requesting legal advice re: John Lacy | Attorney-Client |
| 187 | | | | | Draft documents | Work Product |
| 188 | 4/8/2011 | Kessler, Mark </O=OP/ OU=PRIMARY/CN= RECIPIENTS/CN=M RKESSLE > | Kessler, Mark <Mark.Kessler@opkansas.org> Santos, Mike <Mike.Santos@opkansas.org> Garcia, Mike <Mike.Garcia@opkansas.org> | | Communication requesting legal advice re: McNabb meeting | Attorney-Client |
| 189 | 7/14/2011 | Kessler, Mark </O=OP/ OU=PRIMARY/CN= RECIPIENTS/CN=M RKESSLE > | Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: McNabb meeting | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 190 | 7/15/2011 | Kessler, Mark </O=OP/OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE RKESSLE > | Kessler, Mark <Mark.Kessler@opkansas.org> Garcia, Mike <Mike.Garcia@opkansas.org> Santos, Mike <Mike.Santos@opkansas.org> Cauley, Jack <Jack.Cauley@opkansas.org> | | Communication requesting legal advice re: McNabb meeting | Attorney-Client |
| 191 | 7/20/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Santos, Mike <Mike.Santos@opkansas.org> | Cauley, Jack <Jack.Cauley @opkansas.or g> | Communication requesting legal advice re: mediation | Attorney-Client |
| 192 | 8/4/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Santos, Mike <Mike.Santos@opkansas.org> | Cauley, Jack <Jack.Cauley @opkansas.or g> | Communication requesting legal advice re: meeting with SFBB counsel | Attorney-Client |
| 193 | 8/22/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: Meeting with Officer McClanahan | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 194 | 11/17/2011 | Kessler, Mark </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RKESSLE > | Douglass, John <John.Douglass@opkansas.or g> | Garcia, Mike <Mike.Garcia @opkansas.or g> Santos, Mike <Mike.Santos @opkansas.or g> | Communication requesting legal advice re: meeting with Kellerman | Attorney-Client |
| 195 | 7/6/2011 | Cauley, Jack </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=J KCAULEY > | Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: mediation | Attorney-Client |
| 196 | 3/15/2013 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=J KNOLL> | Douglass, John <John.Douglass@opkansas.or g> | | Communication concerning lawsuit, show cause | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 197 | 3/2/2011 | Klover, LaVon, </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=L MKLOVO R> - on behalf of - Douglass, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=J MDOUGL A> | Santos, Mike <Mike.Santos@opkansas.org> | | Communication requesting legal advice re: McNabb meeting | Attorney-Client |
| 198 | 7/9/2012 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Brantly, Alison <Alison.Brantly@opkansas.org > | | Communication concerning lawsuit re: Summons and Complaint | Attorney-Client |
| 199 | 4/16/2013 | Knoll, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=JJ KNOLL> | Dan Carney (DACarney@bluevalleyk12.org) | | Communication concerning lawsuit, depositions | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| **200** | 5/14/2013 | Knoll, John </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=JJKNOLL> | | | Communication concerning lawsuit, depositions | Attorney-Client |
| **201** | 7/9/2012 | Cook, Marian </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=MFCOOK> | Santos, Mike <Mike.Santos@opkansas.org> | Knoll, John <John.Knoll@opkansas.org> | Communication concerning lawsuit re: service | Attorney-Client |
| **202** | 1/7/2013 | Joan Dostal <joan@charlesworth.net> | Brantly, Alison <Alison.Brantly@opkansas.org> Chism, Chelsee <Chelsee.Chism@opkansas.org> | Santos, Mike <Mike.Santos@opkansas.org> | Communication concerning lawsuit re: expenses | Attorney-Client |
| **203** | 5/3/2011 | Kessler, Mark </O=OP/OU=PRIMARY/CN=RECIPIENTS/CN=MRKESSLER> | Garcia, Mike <Mike.Garcia@opkansas.org> Santos, Mike <Mike.Santos@opkansas.org> | Phillips, Angelo <Angelo.Phillips@opkansas.org> Ezell, Janet <Janet.Ezell@opkansas.org> | Communication requesting legal advice re: McNabb amendments to LIDAR documents | Attorney-Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 204 | 6/20/2013 | Douglass, John </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=J MDOUGL A> | Knoll, John <John.Knoll@opkansas.org> | | Communication concerning lawsuit, depositions | Attorney-Client |
| 205 | 6/20/2013 | Carney, Daniel A. <DACarne y@blueval leyk12.org > | Knoll, John <John.Knoll@opkansas.org> | | Communication concerning lawsuit, depositions | Attorney-Client |
| 206 | 11/3/2009 | Santos, Mike </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RSANTO S> | Jones, Robert <Robert.Jones@opkansas.org > Smith, Steve <Steve.Smith@opkansas.org> | | Communication requesting legal advice re: McNabb and Bever report | Attorney-Client |
| 207 | | | | | Draft documents | Work Product |
| 208 | 11/17/2009 | Santos, Mike </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=M RSANTO S> | Cauley, Jack <Jack.Cauley@opkansas.org> Jones, Robert <Robert.Jones@opkansas.org > | | Communication requesting legal advice re: Bever letter | Attorney-Client |
| 209 | | | | | Draft documents | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 210 | 10/29/2009 | Jones, Robert </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=R LJONES> | Santos, Mike <Mike.Santos@opkansas.org> Smith, Steve <Steve.Smith@opkansas.org> | | Communication requesting legal advice re: McNabb and Bever report | Attorney-Client |
| 211 | | | | | Draft documents | Work Product |
| 212 | 11/4/2009 | Jones, Robert </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=R LJONES> | Douglass, John <John.Douglass@opkansas.or g> | Santos, Mike <Mike.Santos @opkansas.or g> Smith, Steve <Steve.Smith @opkansas.or g> | Communication requesting legal advice re: McNabb and Bever report | Attorney-Client |
| 213 | | | | | Draft documents | Work Product |
| 214 | 11/12/2009 | Cauley, Jack </O=OP/ OU=PRIM ARY/CN= RECIPIEN TS/CN=J KCAULEY > | Santos, Mike <Mike.Santos@opkansas.org> Jones, Robert <Robert.Jones@opkansas.org > | | Communication requesting legal advice re: Bever letter | Attorney-Client |
| 215 | | | | | Draft documents | Work Product |

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| EBONY McNABB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 12-CV-2331 CM/DJW |
| | ) | |
| CITY OF OVERLAND PARK, KANSAS, | ) | |
| | ) | |
| Defendant. | ) | |

## AGREED PROTECTIVE ORDER

Pending before the Court is the parties' Joint Motion for Entry of an Agreed Protective Order (ECF No. 16). It is anticipated that discovery in this case will involve the exchange of non-public information pertaining to plaintiff and to defendant, employment information, medical information, and non-public police policies and practices. Therefore, to expedite the flow of discovery material, facilitate the prompt resolution of disputes over claims of confidentiality, provide adequate protection for material deemed confidential, and ensure that protection is afforded only to such deemed material, on the agreed motion of the parties pursuant to Fed.R.Civ.P. 26(c) and for good cause shown, the parties' Joint Motion for Entry of an Agreed Protective Order is granted and

IT IS HEREBY ORDERED THAT:

1.   **Confidential Information**. The parties have agreed that certain documents and information, if produced or disclosed during this litigation, should be treated as confidential. As used in this Order, the term "Confidential Information" means any document, deposition transcript (or portion thereof), request for admission response, or interrogatory response that contains or refers to:

    (a)   Non-public information of plaintiff and of defendant, which consists of non-public and confidential:

        (1)   business and operations methods, including police procedures and protocols;

        (2)   police records and reports;

        (3)   personnel and service records and files relating to City employees;

(b)     records and files of any physician, hospital or other health care provider pertaining to plaintiff or any other person;

(c)     non-public financial information of any party.

2.      **Designating documents and information as confidential**.  Any party to this action may designate as "Confidential Information" documents, responses to interrogatories, requests for admissions, or requests for production of documents produced after entry of this Order by stamping or labeling the document or response with the word "Confidential."  Documents or responses shall not be treated as confidential pursuant to this Order unless they are stamped or labeled as "Confidential." The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated.  Unless otherwise ordered by the Court or stipulated by the parties, only documents, responses to interrogatories, requests for admissions, requests for production of documents, or testimony relating to the subjects enumerated in paragraph 1 may be designated as Confidential Information.

3.      **Designating deposition testimony as confidential**.  Any party may designate deposition testimony relating to the subjects enumerated in paragraph 1 above as "Confidential Information" by advising counsel of record by letter within thirty days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties.  All deposition testimony shall be deemed confidential for a period of thirty days after counsel's receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties.  Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present at the deposition that the information is confidential and subject to this Order.  If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits (other than those previously designated) will be treated as confidential.  There shall be no need to re-designate deposition documents or exhibits which have been previously designated as confidential.

4.      **Limited Disclosure of Confidential Information**.  Any documents, designated portions of deposition testimony, responses to interrogatories, requests for admissions, or requests for production of documents which are marked as Confidential are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case.  Except upon further Order of this Court or by express written consent of counsel for the parties, Confidential Information furnished in this action by any of the parties shall not be disclosed to any person other than:

a.      Counsel for the parties in this action who are actively engaged in the conduct of this litigation; and the partners, associates, secretaries, legal assistants, employees and agents of such counsel, to the extent reasonably necessary to render professional services in the litigation;

b.      The parties;

c.      Persons with prior knowledge of the documents or the Confidential Information contained therein;

d.      Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

e.      Any expert witness or outside consultant retained or consulted by the parties, to the extent reasonably necessary to render professional services in the litigation;

f.      Any independent document reproduction services or document recording and retrieval services engaged by counsel for a party for this litigation;

g.      Any witness called to testify at deposition or trial;

h.      Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to Court Order or by agreement of the parties.

5.      **Disputes Concerning Designation(s) of Confidential Information**.  In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as Confidential, the party shall first try to resolve the matter with the opposing party on an informal basis.  If the dispute cannot be resolved informally, the party opposing the

confidentiality of the information may apply for appropriate relief from this Court. The burden of proving the propriety of a designation of confidentiality is on the designating party.

   6. **Use of Confidential Information**. Confidential Information shall be used only in connection with these proceedings and any appeals arising therefrom. No Confidential Information shall be disclosed to any other person, party, entity, agency, print, audio, video or electronic news media, or anyone outside this proceeding for any purpose, except as set forth in paragraph 4 of this Order.

   7. **Maintaining Confidentiality**. The party who receives any Confidential Information provided pursuant to this Order shall maintain such Confidential Information in a secure and safe area. The party who receives any Confidential Information shall take care that any such information or the substance or content of such information, or notes and memoranda relating thereto, not be disclosed to anyone other than qualified persons.

   8. **Filing Confidential Information**. If any information which a party designates as "Confidential" is filed with the Court as a part of a motion, brief, or related matter (unless otherwise agreed by the parties or ordered by the Court), that Confidential Information shall be filed in accordance with D. Kan. Rule 5.4.6 and procedures outlined by this Court for filing confidential information under seal.

   9. **Confidential Information at Trial**. Subject to evidentiary procedures and rules or orders of this Court, Confidential Information may be offered in evidence at trial or any court hearing. Any party may move the Court for an order that the Confidential Information be received in camera or under such other conditions as are necessary to prevent disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection may be afforded such information at the trial.

   10. **Return of Confidential Information**. Within 90 days of the final determination of this action, including the expiration of time for any further appeals, whether by judgment, settlement, or otherwise:

a.    Counsel of record for each party receiving Confidential Information shall, upon request, return to the designating party all such documents containing Confidential Information and all notes, memoranda, copies, abstracts, excerpts, or other parts thereof within sixty (60) days, except that all materials constituting work product of such counsel shall be destroyed by the party in possession;

b.    All parties who received any Confidential Information shall return to the producing party all copies of Confidential Information that are in the possession of such party(ies), together with all notes, copies, abstracts, excerpts, memoranda, or other parts, and counsel for the designating party shall dispose of the documents and things in accordance with paragraph 10.a.;

c.    Counsel of record for each party shall confirm in writing that all Confidential Information, documents and things together with all notes, copies, abstracts, memoranda, excerpts, or other parts have been returned to the producing party or destroyed in accordance with the terms of paragraphs 10.a. and 10.b. above.

12.    **No Admission**. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

13.    **Enforcement**. The Court's jurisdiction terminates upon final disposition of the case. A party may, however, seek leave to reopen the case to enforce the provisions of this Order.

IT IS HEREBY ORDERED this 3rd day of October, 2012.

s/ David J. Waxse
David J. Waxse
UNITED STATES MAGISTRATE JUDGE

APPROVED BY:

THE POPHAM LAW FIRM, PC

s/ Dennis E. Egan
Dennis E. Egan               #70672
712 Broadway, Suite 100
Kansas City, Missouri 64105
816-221-2288, ext. 628
816-221-3999 (Facsimile)
degan@pophamlaw.com
Attorneys for Plaintiff


SPENCER FANE BRITT & BROWNE LLP


s/ J. Nick Badgerow
J. Nick Badgerow             #9138
Casey P. Murray              #22189
9401 Indian Creek Parkway, Suite 700
Overland Park, Kansas 66210
(913) 345-8100
(913) 345-0736 (Facsimile)
nbadgerow@spencerfane.com
ATTORNEYS FOR DEFENDANT

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EBONY McNABB,              )
                          )
              Plaintiff,  )
                          )
     vs.                  )          Civil Action No. 12-CV-2331 CM/DJW
                          )
CITY OF OVERLAND PARK, KANSAS,  )
                          )
              Defendant.  )

## AGREED PROTECTIVE ORDER

Pending before the Court is the parties' Joint Motion for Entry of an Agreed Protective Order (ECF No. 16). It is anticipated that discovery in this case will involve the exchange of non-public information pertaining to plaintiff and to defendant, employment information, medical information, and non-public police policies and practices. Therefore, to expedite the flow of discovery material, facilitate the prompt resolution of disputes over claims of confidentiality, provide adequate protection for material deemed confidential, and ensure that protection is afforded only to such deemed material, on the agreed motion of the parties pursuant to Fed.R.Civ.P. 26(c) and for good cause shown, the parties' Joint Motion for Entry of an Agreed Protective Order is granted and

IT IS HEREBY ORDERED THAT:

1.   **Confidential Information**. The parties have agreed that certain documents and information, if produced or disclosed during this litigation, should be treated as confidential. As used in this Order, the term "Confidential Information" means any document, deposition transcript (or portion thereof), request for admission response, or interrogatory response that contains or refers to:

     (a)    Non-public information of plaintiff and of defendant, which consists of non-public and confidential:

          (1)    business and operations methods, including police procedures and protocols;

          (2)    police records and reports;

          (3)    personnel and service records and files relating to City employees;

EXH. D

(b)     records and files of any physician, hospital or other health care provider pertaining to plaintiff or any other person;

(c)     non-public financial information of any party.

2.     **Designating documents and information as confidential**.  Any party to this action may designate as "Confidential Information" documents, responses to interrogatories, requests for admissions, or requests for production of documents produced after entry of this Order by stamping or labeling the document or response with the word "Confidential." Documents or responses shall not be treated as confidential pursuant to this Order unless they are stamped or labeled as "Confidential." The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated.  Unless otherwise ordered by the Court or stipulated by the parties, only documents, responses to interrogatories, requests for admissions, requests for production of documents, or testimony relating to the subjects enumerated in paragraph 1 may be designated as Confidential Information.

3.     **Designating deposition testimony as confidential**.  Any party may designate deposition testimony relating to the subjects enumerated in paragraph 1 above as "Confidential Information" by advising counsel of record by letter within thirty days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties.  All deposition testimony shall be deemed confidential for a period of thirty days after counsel's receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties.  Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present at the deposition that the information is confidential and subject to this Order.  If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits (other than those previously designated) will be treated as confidential.  There shall be no need to re-designate deposition documents or exhibits which have been previously designated as confidential.

4.      **Limited Disclosure of Confidential Information**.  Any documents, designated portions of deposition testimony, responses to interrogatories, requests for admissions, or requests for production of documents which are marked as Confidential are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case.  Except upon further Order of this Court or by express written consent of counsel for the parties, Confidential Information furnished in this action by any of the parties shall not be disclosed to any person other than:

      a.     Counsel for the parties in this action who are actively engaged in the conduct of this litigation; and the partners, associates, secretaries, legal assistants, employees and agents of such counsel, to the extent reasonably necessary to render professional services in the litigation;

      b.     The parties;

      c.     Persons with prior knowledge of the documents or the Confidential Information contained therein;

      d.     Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

      e.     Any expert witness or outside consultant retained or consulted by the parties, to the extent reasonably necessary to render professional services in the litigation;

      f.     Any independent document reproduction services or document recording and retrieval services engaged by counsel for a party for this litigation;

      g.     Any witness called to testify at deposition or trial;

      h.     Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to Court Order or by agreement of the parties.

5.      **Disputes Concerning Designation(s) of Confidential Information**.  In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as Confidential, the party shall first try to resolve the matter with the opposing party on an informal basis.  If the dispute cannot be resolved informally, the party opposing the

confidentiality of the information may apply for appropriate relief from this Court. The burden of proving the propriety of a designation of confidentiality is on the designating party.

6.   **Use of Confidential Information**.  Confidential Information shall be used only in connection with these proceedings and any appeals arising therefrom.  No Confidential Information shall be disclosed to any other person, party, entity, agency, print, audio, video or electronic news media, or anyone outside this proceeding for any purpose, except as set forth in paragraph 4 of this Order.

7.   **Maintaining Confidentiality**.  The party who receives any Confidential Information provided pursuant to this Order shall maintain such Confidential Information in a secure and safe area.  The party who receives any Confidential Information shall take care that any such information or the substance or content of such information, or notes and memoranda relating thereto, not be disclosed to anyone other than qualified persons.

8.   **Filing Confidential Information**.  If any information which a party designates as "Confidential" is filed with the Court as a part of a motion, brief, or related matter (unless otherwise agreed by the parties or ordered by the Court), that Confidential Information shall be filed in accordance with D. Kan. Rule 5.4.6 and procedures outlined by this Court for filing confidential information under seal.

9.   **Confidential Information at Trial**.  Subject to evidentiary procedures and rules or orders of this Court, Confidential Information may be offered in evidence at trial or any court hearing.  Any party may move the Court for an order that the Confidential Information be received in camera or under such other conditions as are necessary to prevent disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection may be afforded such information at the trial.

10.  **Return of Confidential Information**.  Within 90 days of the final determination of this action, including the expiration of time for any further appeals, whether by judgment, settlement, or otherwise:

a.   Counsel of record for each party receiving Confidential Information shall, upon request, return to the designating party all such documents containing Confidential Information and all notes, memoranda, copies, abstracts, excerpts, or other parts thereof within sixty (60) days, except that all materials constituting work product of such counsel shall be destroyed by the party in possession;

b.   All parties who received any Confidential Information shall return to the producing party all copies of Confidential Information that are in the possession of such party(ies), together with all notes, copies, abstracts, excerpts, memoranda, or other parts, and counsel for the designating party shall dispose of the documents and things in accordance with paragraph 10.a.;

c.   Counsel of record for each party shall confirm in writing that all Confidential Information, documents and things together with all notes, copies, abstracts, memoranda, excerpts, or other parts have been returned to the producing party or destroyed in accordance with the terms of paragraphs 10.a. and 10.b. above.

12.   **No Admission**. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

13.   **Enforcement**. The Court's jurisdiction terminates upon final disposition of the case. A party may, however, seek leave to reopen the case to enforce the provisions of this Order.

IT IS HEREBY ORDERED this 3rd day of October, 2012.

s/ David J. Waxse
David J. Waxse
UNITED STATES MAGISTRATE JUDGE

APPROVED BY:

THE POPHAM LAW FIRM, PC

s/ Dennis E. Egan
Dennis E. Egan                #70672
712 Broadway, Suite 100
Kansas City, Missouri 64105
816-221-2288, ext. 628
816-221-3999 (Facsimile)
degan@pophamlaw.com
Attorneys for Plaintiff


SPENCER FANE BRITT & BROWNE LLP


s/ J. Nick Badgerow
J. Nick Badgerow              #9138
Casey P. Murray               #22189
9401 Indian Creek Parkway, Suite 700
Overland Park, Kansas 66210
(913) 345-8100
(913) 345-0736 (Facsimile)
nbadgerow@spencerfane.com
ATTORNEYS FOR DEFENDANT