UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EBONY MCNABB, )
)
Plaintiff, )
)
v. ) Case No. 12-CV-2331 CM/TJJ
)
CITY OF OVERLAND PARK, )
)
Defendant. )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel Discovery (ECF No. 57). Plaintiff requests an order compelling Defendant either to produce unredacted versions of emails from which Defendant previously redacted information, or alternatively, to produce a redaction log. Defendant objects because it claims the redacted information is confidential and/or irrelevant. Plaintiff also seeks an order compelling Defendant to produce documents that it has withheld as protected under the attorney-client privilege and/or work product doctrine, claiming that Defendant's privilege log is insufficient. Plaintiff alternatively requests that the Court conduct an *in camera* review of the documents withheld. For the reasons set forth below, the Court grants the motion in part and denies it in part.

**I.     Background Facts**

Plaintiff filed this action on May 29, 2012, alleging sexual discrimination, harassment, hostile work environment, and retaliation stemming from alleged misconduct by a fellow officer, Justin Bever. On October 3, 2012, the Court entered the parties' Agreed Protective Order (ECF No. 17), which limits the parties' disclosure and use of confidential, non-public information designated as "Confidential Information."

On April 9, 2013, Plaintiff served her First Interrogatories and First Request for Production of Documents to Defendant.[1] Following service of Defendant's answers and objections, Defendant states that counsel held a meet and confer conference to discuss Plaintiff's requests, at which Defendant objected that many of the requests were overly broad and would encompass a significant number of documents. Plaintiff's counsel suggested a list of search terms to help narrow the requests. The initial search term list provided by Plaintiff asked Defendant to search the email records of 51 employees using several common words, such as "incident," "illegal," "text," and "warning." After Defendant ran the search and found over 800,000 hits, the parties worked to create a list of search terms that would limit the number of emails retrieved. Defendant states that it then agreed to produce five categories of emails: (1) all emails sent or received by Plaintiff; (2) all emails sent or received by Officer Bever; (3) all emails mentioning Plaintiff; (4) all emails mentioning Officer Bever; and (5) any emails containing both "McNabb" and "Bever." This search retrieved approximately 200,000 emails. At the request of Plaintiff, Defendant then "de-duplicated" the emails to weed out redundant material, leaving approximately 55,000 emails remaining.

On August 14, 2013, Defendant produced approximately 20,000 emails. Before producing the emails, Defendant reviewed the emails and eliminated those pertaining to another person with the same last name as Plaintiff and other false-positive emails. Defendant further reviewed the emails for privilege and withheld those emails it concluded contained attorney-client privileged information or constituted attorney work product. Defendant also redacted from the emails information that it determined to be confidential, third-party information and/or not relevant.

---

[1] *See* Certificate of Service (ECF No. 39).

On August 15, 2013, Defendant served its privilege log for the first wave of production. This privilege log identified the documents Defendant withheld on the basis of attorney-client privilege and/or work product.

Plaintiff then asked Defendant to provide a log of the relevance and confidentiality-based redactions. On September 9, 2013, Defendant's counsel advised Plaintiff that the cost of producing a log for these redactions was prohibitive. Counsel further advised that the email redactions were generally focused on protecting irrelevant and third-party confidential information contained in the emails.

Defendant thereafter supplemented its privilege log with respect to the documents it withheld as attorney-client privileged and work product. The final version of Defendant's privilege log has 215 entries, [2] however, the number of entries is not indicative of the number of documents actually withheld. For example, privilege log entries 20 and 21 pertain to the same document. Log entry 20 reflects Defendant's assertion of the attorney-client privilege for the document and contains information such as the date, sender, recipient, and subject. Log entry 21 reflects Defendant's assertion of work product protection for the same document, using the same information provided in the preceding entry (Entry 20).

## II. Defendant's Production of Redacted Emails

Plaintiff objects to Defendant's unilateral redaction of information that Defendant claims is confidential or irrelevant, from the approximately 20,000 emails it produced on August 14, 2013. Plaintiff argues that Defendant has not asserted any legal basis for the redactions, nor has it produced a log providing information about the redactions. Plaintiff also contends that the redactions are not necessary to protect confidential third-party information because, if that were

---

[2] This privilege log is attached as Ex. C to Pl.'s Mot. to Compel Disc. (ECF No. 57) at 14–79.

truly the case, Defendant could have simply designated the materials as "confidential" under the parties' existing protective order. Plaintiff points out that it did not seek to increase the cost of litigation by forcing Defendant to review and redact thousands of pages of documents. Plaintiff maintains that if Defendant does not wish to produce a redaction log, it can simply produce the documents in their unredacted form. Because these redactions are not described in any privilege or redaction log, Plaintiff contends that Defendant should be compelled to produce the emails in their unredacted form, provide a log with information about the redactions, or produce the documents for an *in camera* review by the Court.

In the few cases in this district where the court has addressed the propriety of unilateral redactions of either irrelevant, non-responsive, or confidential information, unilateral redactions have been found to be inappropriate. In *Williams v. Sprint/United Management Co.*,[3] the court addressed the defendants' redactions of information it claimed was irrelevant. The court overruled the redacting defendants' relevancy objections, finding that they had waived any right to assert a relevancy objection by failing to object prior to producing the documents in a redacted format, to move for a protective order, or to obtain the agreement of the opposing party for the redactions.[4] It held that the party redacting sections of an otherwise discoverable document on the basis of irrelevancy had the burden to show why these redactions were proper and that any relevancy objections must be made before or at the time the redacted documents were produced.[5]

In *HR Technology, Inc. v. Imura International U.S.A., Inc.*,[6] the court considered

---

[3] No. 03-2200-JWL-DJW, 2007 WL 634735 (D. Kan. Feb. 27, 2007).

[4] *Id.* at *3.

[5] *Id.* at *2.

[6] No. 08-2220-JWL, 2010 WL 4792388, at *5–6 (D. Kan. Nov. 17, 2010).

redactions of non-responsive information from otherwise discoverable documents. It ordered the redacting party to produce in their entirety all previously redacted documents, finding that the arguments advanced in support of the redactions were contradicted by Fed. R. Civ. P. 34 and good policy.[7] The court agreed with the reasoning of courts that had rejected such redactions by parties. It quoted at length the rationale set forth by the Western District of Pennsylvania in *Orion Power Midwest, L.P. v. American Coal Sales Co.*:[8]

> Defendants' novel interpretation of their discovery obligations is not supported by the text of Fed. R. Civ. P. 34 and would open a fertile new field for discovery battles. Rule 34 talks about production of "documents," as opposed to the relevant information contained in those documents. It is at least implicit that the duty to "produce documents as they are kept in the usual course of business" includes the substantive contents of those documents. *See also* Fed. R. Civ. P. 34(b)(2)(E)(ii) (party must produce information "in a form or forms in which it is ordinarily maintained"). Certainly, a party that seeks to "inspect" a document would anticipate being able to inspect the entire document. This interpretation of Rule 34 is consistent with the guidance in Fed. R. Civ. P. 1 that the Rules be construed to advance the just, speedy and inexpensive determination of cases. There is no express or implied support for the insertion of another step in the process (with its attendant expense and delay) in which a party would scrub responsive documents of non-responsive information. In sum, the Court cannot countenance Defendants' "redaction campaign."[9]

The *HR Technology* court further quoted the summary of the redaction decisions set out by the Southern District of Ohio in *Beverage Distributors, Inc. v. Miller Brewing Co.*:[10]

> These [redaction] decisions are not necessarily irreconcilable. The themes which pervade each of them are (1) that redaction of otherwise discoverable documents is the exception rather than the rule; (2) that ordinarily, the fact that the producing party is not harmed by producing irrelevant information or by producing sensitive information which is subject to a protective order restricting its dissemination and use renders redaction both unnecessary and potentially disruptive to the orderly

---

[7] *Id.* at *6.

[8] No. 2:05-cv-555, 2008 WL 4462301 (W.D. Pa. Sept. 30, 2008).

[9] *Id.* at *2.

[10] Nos. 2:08-cv-827, 2010 WL 1727640 (S.D. Ohio Apr. 28, 2010).

resolution of the case; and (3) that the Court should not be burdened with an *in camera* inspection of redacted documents merely to confirm the relevance or irrelevance of redacted information, but only when necessary to protect privileged material whose production might waive the privilege.[11]

With respect to redactions based upon the confidentiality of the information, this was addressed in *U.S. Fire Insurance Co. v. Bunge North America, Inc.*[12] In that case, the court rejected a party's redaction of confidential information.[13] It found that "[t]he fact that requested information may be confidential does not make the requested information privileged" and an objection based upon confidentiality "does not shield the requested information from discovery."[14] The court noted that the redacting party had already taken advantage of the protective order in place in the case by designating the information redacted as confidential.[15] To the extent the producing party believed that the redacted confidential information was not adequately protected by the protective order, it could request entry of another protective order or modification of the existing one.[16]

In this case, the Court finds that Defendant, as the party redacting information on otherwise discoverable documents, has the burden to show why its redactions are proper. Defendant explains that before producing the emails, it redacted numerous instances of information about private third parties, such as license plate, driver's license, social security numbers, birth dates, addresses, phone numbers, medical information, and other sensitive

---

[11] *Id.* at *4.

[12] No. 05-CV-2192-JWL-DJW, 2008 WL 2548129, at *7 (D. Kan. June 23, 2008).

[13] *Id.* at *7.

[14] *Id.* at *7.

[15] *Id.*

[16] *Id.*

information obtained by law enforcement. It also redacted information, which it deemed not relevant to any claim or defense in the case. Defendant defends its failure to provide a redaction log by arguing that the sheer volume of redactions in the thousands of emails makes reviewing each and every document and preparing a redaction log particularly onerous and costly. Defendant further points out that many of the emails with redacted materials were not designated as "confidential" and therefore would not be subject to the terms of the protective order.

The Court has reviewed the five redacted emails provided by Defendant as examples of information that it redacted.[17] The Court notes that these emails appear to be: (1) a mass forwarded email of some type of video or picture of terrorist shooting with an attachment named "Please read! City of Overland Park blocked email attachment notification"; (2) a chain email regarding cell phones being released to telemarketing companies; (3) a mass forwarded email with a link to "animal voiceovers"; (4) a mass forwarded prayer chain email; and (5) an email stating "Happy New Year!" None of these five examples appear to have been redacted because of claimed sensitive private third-party information, such as social security and driver's license numbers, names and addresses, medical information, and other types of sensitive and confidential third-party information.

To the extent the information redacted from these or any other emails was redacted because Defendant deemed it irrelevant, Defendant has failed to convince the Court of any reason Plaintiff should not be permitted to review this information as allowed under Fed. R. Civ. P. 34. Defendant cites no authority to support its redaction of claimed irrelevant and/or sensitive

---

[17] The five redacted emails are attached as Ex. 4 to Def's Resp. (ECF 59-4).

confidential information.[18] Instead, Defendant argues simply that Plaintiff "cites no case law stating that a protective order prohibits a party from redacting irrelevant, confidential, third-party information."[19] But it is Defendant, as the party redacting information on an otherwise discoverable document, who has the burden to show why its relevancy-based redactions are proper.[20] Defendant has failed to meet its burden with respect to these redactions. As the *Orion Power* court noted, there is no express or implied support in either Rule 34 or Rule 1 for a party to insert the expensive and delay-causing step of redaction of irrelevant or non-responsive information into the process of producing documents.[21] Moreover, Defendant apparently undertook extensive redactions without first seeking Plaintiff's agreement, and then produced the documents without providing a redaction log. Plaintiff is entitled to production of responsive documents, not just those documents or parts of documents that Defendant unilaterally deemed relevant. The Court agrees with the *Orion Power* court that "[i]t is at least implicit [in Rule 34] that the duty to 'produce documents as they are kept in the usual course of business' includes the substantive contents of those documents."[22] As a practical matter, even the substantive contents of those documents containing relevant information will likely also include some irrelevant information.

To the extent Defendant redacted emails containing claimed third-party confidential

---

[18] Additionally, although neither party has provided the Court with copies of Plaintiff's applicable Requests for Production or of Defendant's responses to those discovery requests, notably, Defendant indicates that it agreed to produce five broad categories of documents requested by Plaintiff.

[19] Def.'s Resp. (ECF No. 59) at 8.

[20] *See Williams*, 2007 WL 634735, at *2.

[21] *Orion Power*, 2008 WL 4462301, at *2.

[22] *Id.* (citing Fed. R. Civ. P. 34(b)(2)(E)(ii) (party must produce information "in a form or forms in which it is ordinarily maintained")).

information, Defendant could have designated these emails as "confidential" under the existing protective order, thus eliminating the need to redact each and every instance of third-party, non-public information. If Defendant was concerned that the existing protective order did not provide sufficient protection, then it could have sought further protections for this information in lieu of redacting the information. It could have informed Plaintiff of its particular concerns and perhaps sought an agreement with respect to the redactions, sought a supplemental protective order from the Court authorizing redactions of particularly sensitive information or particular types of information, or modified the existing protective order. Defendant made unilateral judgments about what might be relevant and/or confidential and redacted voluminous documents, which is inconsistent with the provisions of Rule 34.

The Court therefore grants Plaintiff's request for an order compelling Defendant to produce unredacted versions of all the emails from which it previously redacted claimed confidential third-party and/or irrelevant information. However, in lieu of producing unredacted emails, Defendant may elect to produce a redaction log for the redactions of the following particularly sensitive, confidential third-party information: license plate, driver's license, social security, and vehicle identification numbers; birth dates; addresses; phone numbers; medical information; and information about criminal suspects, witnesses, informants, or victims. Subject to any election to produce a redaction log for this information, Defendant is ordered to produce unredacted versions of all emails in which it previously redacted claimed confidential and/or irrelevant information, subject to the terms of the Agreed Protective Order. If Defendant believes the existing Agreed Protective Order does not provide sufficient protection, then it can confer with Plaintiff regarding a proposed protective order that will sufficiently protect the sensitive,

confidential third-party information and submit that protective order to the Court for consideration.

The Court has taken into account the concerns Defendant has expressed regarding the potential costs associated with responding to Plaintiff's discovery requests. Defendant has already taken it upon itself, voluntarily, to incur the time and expense of redacting a significant number of documents. This Order should not cause Defendant to incur any significant additional expense in producing the unredacted versions of documents it has already gathered and produced in their redacted form. To the extent Defendant elects to produce those documents containing claimed confidential information designated in this Order, in their redacted form, then Defendant will have to prepare a redaction log for those documents. However, it will be up to Defendant to decide whether to incur those costs or instead to produce unredacted versions of those documents subject to the existing protective order or a supplemental protective order.

## III. Sufficiency of Defendant's Privilege Log

### A. Documents Withheld on the Basis of Attorney-Client Privilege

Plaintiff next requests that the Court order Defendant to produce documents that it has withheld as protected under the attorney-client privilege and work product doctrine. She argues that the privilege log produced by Defendant is deficient and does not sufficiently describe the nature of the documents or communications in a manner that will enable her to assess the claimed privilege. Plaintiff argues that the attorney-client privilege is narrowly construed and the party asserting it, Defendant, has the burden of proving its applicability. Plaintiff contends that Defendant's privilege log is inadequate because it does not identify which parties are attorneys or provide information demonstrating that the communications were actually made for the purpose of obtaining legal advice. Plaintiff asks the Court to compel Defendant to produce the documents

withheld. The Court construes this to mean that Plaintiff is requesting the Court to deem Defendant's claim of attorney-client privilege waived as to these documents and compel production of the documents identified as attorney-client privileged on the log. Plaintiff alternatively asks that the Court compel defendant to submit those documents for an *in camera* review.

Defendant argues that its privilege log provides an adequate enough description of the attorney-client privileged communications in that it sets out the date of the communication, the sender, recipient, privilege asserted, and a summary of the subject of the correspondence. Defendant provides the Court with examples of the subjects of its correspondence, reproduced below:

- Entry 3: "Attorney discussion involving court case matter, non-party [with name provided]"
- Entry 4: "Communication concerning lawsuit, McNabb Complaint."
- Entry 5: "Documents requested by counsel, SFBB requesting notes."
- Entry 8: "Attorney discussion involving court case matter, non-party [with name provided]."
- Entry 10: "Attorney discussion involving court case matter, non-party [with name provided]."
- Entry 12: "Documents requested by SFBB counsel concerning various documents and notes re: McNabb."
- Entry 17: "Communication requesting legal advice, regarding McNabb amendments to LIDAR documents."

Defendant argues that the descriptions of its privilege log entries, like those shown above, are adequate because these entries provide Plaintiff with basic information about the communications by stating the subject matter of the communication and the general reason for the privilege. In the alternative, Defendant reiterates its willingness to produce a supplemental privilege log if the Court deems more information is required.

The party withholding a document on the basis that it contains attorney-client privilege communications has the burden of establishing the privilege.[23] The asserting party must make a "clear showing" that the objection applies by "describ[ing] in detail" the information sought to be protected and providing "precise reasons" for the objection.[24] It is well settled in this district that an inadequate privilege log may result in waiver of the privilege.[25] The burden is typically satisfied through the inclusion of a privilege log with sufficient information.[26] Of the several requirements of a privilege log, the most relevant for this case include: a description of the document (e.g. email, letter, transcript, etc.); the identity of the sender and recipient; sufficient description of the subject matter of the communication; and any other pertinent information necessary to establish the elements of each asserted privilege.[27]

Here, most of Defendant's privilege log entries are adequate enough to demonstrate that Defendant made a good faith basis to comply with the technicalities involved in creating a privilege log. While many of the privilege log entries provide adequate information to assess the applicability of the privilege, some entries are lacking essential information.

The first deficiency is that the privilege log identifies the parties to the communications by name only. The log fails to specify which individual, the sender or recipient of any given communication, is an attorney. This is vital information to convey to Plaintiff in a privilege log. Without identifying which individual in a communication is the attorney, there is presumably no

---

[23] *Williams v. Sprint/United Mgmt. Co.*, 245 F.R.D. 660, 667 (D. Kan. 2007).

[24] *Id.* (citing *Ali v. Douglas Cable Comm., Ltd.*, 890 F. Supp. 993, 994 (D. Kan. 1995); *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000)).

[25] *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 671 (D. Kan. 2005) (citing *Employer's Reinsurance Corp. v. Clarendon Nat'l Ins. Co.*, 213 F.R.D. 422, 428 (D. Kan. 2003)).

[26] *Kannaday v. Ball*, 292 F.R.D. 640, 645 (D. Kan. 2013).

[27] *Id.*

attorney-client privilege. Defendant shall prepare a roster of all individuals identified in the privilege log with their name, title, department, and whether the person is an attorney.

Defendant's privilege log also fails to identify the specific type of communication involved in each circumstance (e.g., email, letter, memo, transcript of a conversation, etc.). In context to the documents requested, they are presumably all emails, but Defendant must include that information somewhere on the privilege log, perhaps simply by including an additional column to the entire privilege log that identifies each communication by its type for every entry or otherwise specifying it within the description of the communication. For example, instead of describing the communication as "communication regarding lawsuit expenses," the privilege log could read "email regarding lawsuit expenses."

Plaintiff's motion to compel is therefore granted in part and denied in part. The Court denies Plaintiff's request for production of the documents withheld as protected by the attorney-client privilege. The Court denies Plaintiff's request for waiver of attorney-client privilege on the basis of an insufficient privilege log. The Court further denies the request for submission of the documents to the Court for an *in camera* review. The Court, however, grants Plaintiff's request for an order compelling Defendant to produce a supplemental privilege log.

Defendant is ordered to produce a supplemental privilege log commensurate with the changes set out above. Defendant must identify all individuals listed in the privilege log by providing a roster with their name, title, department, and whether the person is an attorney. Defendant must, in every entry of the privilege log except entry number 1, identify the type of communication involved.

      **B.**     **Documents Withheld on the Basis of Work Product Doctrine**

Plaintiff also objects to Defendant withholding twenty-six documents under the attorney

work product doctrine. More specifically, Plaintiff objects to privilege log entries numbered 21, 23, 46, 65, 69, 96, 117, 119, 124, 126, 132, 138, 144, 145, 149, 157, 173, 177, 179, 183, 187, 207, 209, 211, 213, and 215 because these entries describe the withheld documents only as "draft documents." Plaintiff argues this is a "bare description" and is insufficient to establish that they constitute protected attorney work product.

Plaintiff also argues that Defendant has the burden of establishing the applicability of the work product doctrine because Defendant's privilege log fails to describe the nature of the withheld documents in a manner that will enable Plaintiff to assess the claim. More specifically, Plaintiff contends that Defendant has not shown that the documents were prepared in anticipation of litigation by Defendant or its representatives, which is required to establish the documents constitute work product.[28]

Defendant argues in response that a majority of the twenty-six work product assertions of "draft documents" are described in the immediately preceding entry. Defendant maintains that the descriptions above the descriptions of "draft documents" are sufficient to show that the document was properly identified as attorney work product. Defendant admits that some of the documentation on the privilege log may require further information and offers to provide a supplemental privilege log with more detail in lieu of producing the documents.

Plaintiff instead asks the Court to compel Defendant to produce the documents. Again, the Court construes this to mean that Plaintiff is asking for the Court to deem Defendant's assertion of work product as waived. Alternatively, Plaintiff asks that the documents be submitted to the Court for an *in camera* review.

---

[28] *Raytheon Aircraft Co. v. U.S. Army Corps of Engineers*, 183 F. Supp. 2d 1280, 1287–88 (D. Kan. 2001); *Johnson v. Gmeinder*, 191 F.R.D. 638, 643 (D. Kan. 2000).

The work product privilege, first established in *Hickman v. Taylor*,[29] and later codified in Fed. R. Civ. P. 26(b)(3)(A), protects from discovery all documents and materials prepared by an attorney, a party, or an agent of either, in anticipation of litigation. To establish work product protection, the party seeking to invoke work product immunity must show that (1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or a representative of that party.[30] The party invoking work product immunity for a document has the burden to establish all the elements of the immunity,[31] and a mere allegation that the work product privilege applies is insufficient to prove applicability.[32]

Here, Defendant has explained that the twenty-six work product entries it only described as "draft documents" are primarily described in the preceding privilege log entry. Even taking into account the information in the preceding log entry, Defendant has failed to establish that the unspecified "draft document" meets all the required elements of work product. Although the preceding log entries commonly use "communication requesting legal advice," which is a component of attorney-client privilege, this is not one of the elements required to establish that a document is protected by the work product doctrine. Work product requires that the document "be prepared in anticipation of litigation or for trial by or for another party or its representative." Defendant's privilege log does not even make the mere assertion that any of the documents it

---

[29] 329 U.S. 495 (1947).

[30] *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 247 F.R.D. 656, 657 (D. Kan. 2007); Fed. R. Civ. P. 26(b)(3)(A).

[31] *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995).

[32] *Williams v. Sprint/United Mgmt. Co.,* No. 03-2200-JWL-DJW, 2007 WL 634873, at *3 (D. Kan. Feb. 27, 2007).

withheld as work product were prepared in anticipation of litigation or for trial. Since the Court is allowing Defendant to supplement its privilege log with respect to its assertion of attorney-client privilege for many entries, the Court will also permit Defendant to supplement its privilege log for its work product entries as well. Another deficiency with the work product log entries is that they fail to identify the person who prepared the "draft document" as an attorney. However, because Defendant has been ordered to provide a roster listing all individuals named in the privilege log, this roster should also address this concern.

Plaintiff's motion to compel Defendant to produce documents withheld as attorney work product is denied. Instead, Defendant is ordered to identify all individuals listed in the privilege log by providing a roster with their name, title, department, and whether they are an attorney. Defendant is also ordered to supplement its privilege log for its work product entries to show the basis for its withholding of any documents on work product grounds.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel Discovery (ECF No. 57) is granted in part and denied in part.

**IT IS FURTHER ORDERD THAT** Defendant shall produce unredacted versions of all the emails from which it previously redacted claimed confidential third-party and/or irrelevant information. However, in lieu of producing unredacted emails, Defendant may elect to produce a redaction log for the redactions of the following particularly sensitive, confidential third-party information: license plate, driver's license, social security, and vehicle identification numbers; birth dates; addresses; phone numbers; medical information; and information about criminal suspects, witnesses, informants, or victims. Subject to any election to produce a redaction log for this information, Defendant is ordered to produce unredacted versions of all emails in which it previously redacted confidential and irrelevant information, subject to the terms of the Agreed

16

Protective Order. If Defendant believes the existing Agreed Protective Order does not provide sufficient protection, then it can confer with Plaintiff regarding a proposed protective order that will sufficiently protect the sensitive, confidential third-party information and submit that protective order to the Court for consideration.

**IT IS FURTHER ORDERED THAT** Defendant shall serve a supplemental privilege log that identifies the type of communication (e.g., email, letter, memo, transcript) for every privilege log entry. Defendant shall also supplement its privilege log for work product entries. Finally, Defendant must provide Plaintiff with a roster of all persons identified in the privilege log, including their name, title, department, and whether they are an attorney.

**IT IS FURTHER ORDERED THAT** Defendant shall produce the unredacted emails, a redaction log along with any redacted e-mails of designated confidential information permitted under this Order, a supplemental privilege log addressing the deficiencies noted herein, and a roster identifying all individuals listed in the privilege log **within 30 days of the date of this Memorandum and Order**.

**IT IS SO ORDERED.**

Dated this 21st day of March, 2014 at Kansas City, Kansas.

s/ Teresa J. James
Teresa J. James
U.S. Magistrate Judge
