UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EBONY MCNABB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-CV-2331 CM/TJJ |
| | ) |
| CITY OF OVERLAND PARK, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Compel Discovery (ECF No. 65). Plaintiff requests an order compelling Defendant to produce 10,189 emails responsive to Plaintiff's requests for production. For the reasons set forth below, the Motion is denied.

### I. Facts

Plaintiff, Ebony McNabb, a police officer employed by Defendant, City of Overland Park, filed this suit alleging sexual discrimination, harassment, a hostile work environment, and retaliation stemming from alleged misconduct by a fellow officer. At issue here are 10,189 emails responsive to Plaintiff's requests for production, which Plaintiff asks the Court to compel Defendant to produce.

Defendant served Plaintiff with its answers and objections to Plaintiff's First Request for Production on May 31, 2013,[1] its supplemental answers and objections on June 7, 2013,[2] and its supplemental responses and objections on August 14, 2013.[3] Following service of Defendant's answers and objections, Defendant states that counsel held a meet and confer conference to

---

[1] *See* Def.'s Cert. of Service (ECF No. 41).

[2] *See* Def.'s Cert. of Service (ECF No. 42).

[3] *See* Def.'s Cert. of Service (ECF No. 55).

discuss Plaintiff's requests, and Defendant "explained that many of the requests were overly broad and would encompass potentially millions of documents."[4] The parties specifically agreed that the search term list would limit the documents responsive to Plaintiff's interrogatories 7–9, and requests for production 2–5, 8 and 17.

After additional emails and discussions among counsel, Defendant agreed to produce five categories of emails: (1) all emails sent or received by Plaintiff; (2) all emails sent or received by Officer Bever, (3) all emails mentioning Plaintifff, (4) all emails mentioning Officer Bever, and (5) any emails containing both "McNabb" and "Bever."[5] Defendant states that it has produced over 36,000 of these "McNabb/Bever" emails.[6]

Plaintiff notes that the parties have been engaged in a dispute over the production of emails retained by the Defendant since mid-summer 2013. Plaintiff summarizes:

> The City has produced thousands of discoverable internal emails in "waves," but the final "wave" has not yet been produced. In an email dated August 14, 2013, counsel for the City acknowledged that there were 10,189 emails in the "second wave," but asked for a more specific search term list.[7]

The parties requested and participated in a telephone conference with Magistrate Judge Waxse on October 21, 2013, in an attempt to resolve the dispute over this second wave of emails. The parties have produced numerous emails sent both before and after the telephone conference, in which they continued to deliberate over the manner in which the emails were stored, the size

---

[4] Def.'s Resp. (ECF No. 66) at 4.

[5] *Id*. at 6.

[6] *Id.* at 4.

[7] Pl.'s Mot. to Compel Disc. (ECF No. 65) at 2.

2

of the documents, the overall amount of data to be searched, and potential search terms or methods of searching the data.

No resolution was reached. Ultimately, on January 3, 2014, Plaintiff filed the instant Motion to compel Defendant to produce the identified 10,189 emails.

Plaintiff argues in her Motion that the Defendant's principal, or perhaps only, argument is proportionality. Plaintiff's response to the proportionality argument is that she "made a very reasonable proposal to involve a third-party ESI vendor to act as an independent monitor in the [discovery] process" and the ESI experts could streamline the process.[8] Plaintiff has not attached copies or quoted the substantive language of the requests for production that are the subject of the Motion, and has not cited any legal authority in support of the Motion.

Defendant counters that Plaintiff's Motion should be denied, because: (1) the disputed emails were never requested by Plaintiff and, even if so, they are not relevant to Plaintiff's claims against Defendant; (2) Plaintiff failed to comply with D. Kan. Rule 37.1; and (3) there is a lack of proportionality.

## II. Timeliness of the Motion

Under D. Kan. Rule 37.1(b), any motion to compel discovery "must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause." If the motion is untimely, the objection by the moving party is waived.[9]

In a recent case in this district, *Chicago Tribune Co. v. Masterpiece Marketing Group*, the movant's motion to compel was not deemed untimely even though the movant did not file the

---

[8] *Id.* at 6–7.

[9] D. Kan. Rule 37.1(b).

motion within 30 days of the service of the non-movant's discovery responses.[10] The movant in *Chicago Tribune* attempted to confer before the deadline, arranged and participated in a pre-motion conference with the assigned magistrate judge over the dispute, and continued to confer with the non-movant about the discovery dispute until the motion was filed.[11] The court deemed waiver of objections too strict a penalty because the movant showed good cause to resolve the underlying dispute, especially when the movant attempted to confer within the timeframe of D. Kan. Rule 37.1(b).[12]

The facts in this case are similar to the facts in *Chicago Tribune*, including a meet and confer session prior to the discovery response deadline, extensive communications among counsel, and a pre-motion conference with the assigned magistrate judge, all prior to Plaintiff's filing of the Motion. Plaintiff notes this is an "ongoing discovery dispute" and stresses her efforts to settle the discovery dispute through cooperation with opposing counsel, in the spirit of *Mancia*.[13]

The Court will not deny Plaintiff's Motion on untimeliness grounds, given these facts. However, Plaintiff's delay in filing her Motion until January 3, 2014, literally months after the 30-day deadline even from service of Defendant's second supplemental responses, does give the Court pause. The Court, therefore, cautions counsel to beware of the Rule 37.1 deadline and good cause requirement for exceptions to it, in future cases and situations.

---

[10] *Chicago Tribune Co. v. Masterpiece Mktg. Grp.*, No. 13-2157-CM-KGG, 2014 WL 644941, at *2 (D. Kan. Feb. 19, 2014).

[11] *Id.*

[12] *Id.*

[13] *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

### III. Plaintiff Fails To Meet Her Initial Burden of Proof

Although the Motion has now been fully briefed, Plaintiff has never identified or quoted the substance of the specific discovery requests for which she seeks to compel production of the emails. Nor did she attach the applicable discovery requests at issue to her Motion.[14] Even after the Defendant pointed out the failure and quoted the interrogatories and requests for production apparently at issue in its Response to the Motion, Plaintiff did not identify any specific discovery request or Defendant's response or objection thereto in her Reply.

Defendant argues initially that Plaintiff has not shown she requested the documents she now demands[15] and that Plaintiff cannot identify a single discovery request to which Defendant has failed to respond.[16] These points are well-taken; Plaintiff has done neither. Plaintiff is unable to meet her initial burden of addressing Defendant's objections, because she has not identified any specific discovery request for which she seeks to compel production, or any specific objection thereto that she claims to be invalid.

### IV. Relevance and Overly Broad Objections to Search Terms

Through her Motion, Plaintiff seeks to require Defendant to search the electronic files of 14 custodians for 35 specific words. Defendant argues that Plaintiff's search term list does not request anything of relevance.[17] Plaintiff argues that she has offered the search term list simply to narrow the production of relevant documents. Plaintiff notes in apparent disbelief Defendant's

---

[14] D. Kan. Rule 37.1(a) requires that Plaintiff attach copies of the portions of the interrogatories or requests for production in dispute to her Motion.

[15] ECF No. 66 at 7.

[16] *Id.*

[17] Plaintiff claims that Defendant's only objection was that the results of the searches yielded "too many" documents but, as noted previously, Plaintiffs have never provided the Court with the discovery requests in dispute and responses/objections thereto, to support their Motion and argument.

argument that a search of documents using "sexually explicit" language is irrelevant in a case in which the principal allegations are sexual harassment and inappropriate workplace behavior.[18] However, the proposed search term list includes numerous terms that are not sexually explicit (e.g., Administrative leave, Blog + officer, Blue Valley + SRO, Booze, Defamation, Discriminate, Facebook).

Additionally, Defendant has already produced five categories of emails totaling over 36,000 documents: (1) all emails sent or received by Plaintiff; (2) all emails sent or received by Officer Bever; (3) all emails mentioning Plaintiff; (4) all emails mentioning Officer Bever; and (5) any emails containing both "McNabb" and "Bever." Thus, if any of the terms included on the proposed search term list were used in an email mentioning Plaintiff or Officer Bever, or in an email sent or received by either of them, those documents would have already been produced. Plaintiff must present something more than mere speculation that a search of the 14 custodians' email files using the proposed search terms is likely to reveal additional responsive emails in order for this Court to compel the searches and productions requested.[19] Plaintiff has not done so.

Moreover, even if Plaintiff could show that the search term list might produce some marginally relevant documents, the list is overly broad. A recent opinion from this district, *Cotton v. Costco Wholesale Corp.*,[20] sheds some light on discovery of ESI using search terms. In *Cotton*, the court considered the overbreadth of search terms with regard to documents that it

---

[18] Pl.'s Reply (ECF No. 67) at 2.

[19] *Garcia v. Tyson Foods, Inc.,* No. 06-2198-JWL-DJW, 2010 WL 5392660, at *14 (D. Kan. Dec. 21, 2010).

[20] No. 12-2731-JW, 2013 WL 3819974, at *1–2 (D. Kan. July 24, 2013).

considered "arguably relevant," in connection with a racial discrimination case.[21] As in *Cotton*, the search term list in this case is on its face overly broad in that it "could conceivably encompass some information that may arguably be relevant to this litigation but would also likely encompass much information having nothing to do with issues in this case."[22] Because the Court finds that Plaintiff's search term list is objectionable on its face, Plaintiff bears the burden of convincing the Court that her proposed search terms are proper.[23]

Plaintiff's contention that the requested searches are appropriate because the principal allegations in this case are sexual harassment and inappropriate workplace behavior is not persuasive. Nor does Plaintiff's offer of a third party vendor with built-in mechanisms to stop the production of irrelevant emails overcome Defendant's objection to the overly broad search terms. As noted above, a significant number of the 35 search terms are not sexually charged. In addition, a number of the search terms are duplicative terms ("bullied" and "bully;" "defamation" and "defame;" "discriminate" and "discrimination;" "harass" and "harassment;" "kissed," "kisses," and "kissing;" "retaliate" and "retaliation;" and "sex" and "sexual"). The results for any single word in each pair or group of words would presumably encompass all responsive emails for the pair or group.

Again, as noted previously, to the extent any documents relevant to this case containing the search terms exist, they presumably have already been produced in the five categories of emails produced relating to Plaintiff and/or Officer Bever. On the other hand, because of the

---

[21] *Id.*

[22] *Id.* at *2. *See also Linnebur v. United Tel. Ass'n,* No. 10-1379-RDR, 2011 WL 5103300, at *5 (D. Kan. Oct. 27, 2011).

[23] *Id. See also Allen v. Mil-Tel, Inc.,* 283 F.R.D. 631, 633–34 (D. Kan. Apr. 18, 2013).

broad and in many instances non-sexually charged nature of the terms on the list a significant number of emails without any relevance to this case would be yielded by the requested searches of the 35 terms on the list.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel Discovery (ECF No. 65) is DENIED.

**IT IS SO ORDERED.**

Dated this 16th day of April, 2014 at Kansas City, Kansas.

s/ Teresa J. James  
Teresa J. James  
United States Magistrate Judge